### IN THE

# SURROGATES' COURTS

### OF THE

## STATE OF NEW YORK.

NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
November, 1878.

## OSBORNE *v.* McALPINE.

*In the matter of the estate of* CHARLES A. JARVIS,
*deceased.*

A legacy is general and not specific, unless, by its terms, it indicates a particular part of the testator's estate, as the subject of the bequest ; and in the case of a legacy of stocks, the mere possession by the testator, at the date of his will, of stocks of equal or larger amount than the legacy, will not of itself make the bequest specific.

The will first bequeathed several stock legacies to different persons, all in the following form ; " I give to A. twenty-five shares of the stock of the Manhattan Gas Company, or the proceeds of the same, should the same have been sold." Then followed an item beginning, " After the payment of the above legacies, which, in the event of the estate being diminished, shall be proportionately reduced, &c." The assets were not sufficient to pay the legacies in full,—*Held,*

1st. That the stock legacies were general and not specific legacies, and as such must abate proportionately upon a deficiency of assets, and,

2d. That even if specific, the provision of the will, for a proportionate abatement, in case the estate be diminished, applied to both the stock and pecuniary legacies.

Upon an executor's accounting, no allowance out of the estate can be made to the counsel for legatees or next of kin, unless objections are filed by them, and sustained either in whole or in part.*

Upon final accounting of an executor or administrator, no allowance can

---

* Costs and allowances in Surrogates' courts are now regulated by §§ 2561, 2562 of Code of Civil Procedure.

be made to his counsel for professional services rendered to the estate, prior to the proceedings for a final accounting.

*It seems* that the proper practice is to require the counsel of the estate to present his claim for prior services to the executor, before the final accounting, so that the payment made thereon can be included in the executor's account.

APPLICATION for decree upon final accounting of executor and trustee.

By the fourth item of the testator's will, among other specific legacies, he gave to Amelia A. Tyng twenty-five shares of the stock of the Manhattan Gas Company, or the proceeds of the same, should the same have been sold : to Annie E. Tyng, fifty shares of the same stock, or the proceeds, &c., as aforesaid : to George L. Osborne, fifty shares of the same, or the proceeds, &c. : to Francis M. Jennings, twenty-five shares : to Charles L. McAlpine, one hundred shares of the same stock, or the proceeds, if sold, and to John W. McLean, fifty shares. Then followed certain legacies in cash, to divers persons and corporations. After such legacies, follows this item : "After the payment of the above legacies, which, in the event of my estate being diminished, shall be proportionately reduced," &c. Then follows a disposition of the residue.

The assets were not sufficient to pay the legacies in full.

Application was also made for an allowance to the counsel for the executor, covering also services rendered by such counsel to the executor in the progress of administration, and anterior to the proceedings initiated for the final accounting.

CALVIN FROST, *for executrix.*

F. C. WHITE, *for executor.*

E. F. DALY, *for legatee.*

J. A. McCREERY, *for legatee.*

E. S. DAKIN, *for legatee.*

THE SURROGATE.—It is a general rule that specific legacies do not abate, yet if the testator bequeaths specific legacies, and also general pecuniary legacies, and by his will directs that such pecuniary legacies shall come out of his personal estate, or words tantamount thereto, and there is no other personal estate than the specific legacies, they must be intended to be subject to those which are pecuniary (*Williams on Executors*, 1163). The bequest of a particular thing, or money, specified and distinguished from all others of the same kind, is the definition of a regular specific legacy (*Roper on Legacies*, 190). The same author, at page 203, says: "Stock or government annuities, or shares in public companies, may be specifically bequeathed, but in order to make a bequest specific, the intention that it should be so must be clear, otherwise the bequests will be general, and the word *my* preceding the *stock*, *annuities*, or *shares*, is adjudged sufficient to render the legacy specific." And at page 204, the same author says: "But it seems to be settled that the mere possession by the testator, at the date of his will, of stock, or annuities of equal or larger amount than the bequest, will not, without words of reference, or an intention appearing upon the will that he meant the additional stock of which he was possessed, make such bequest specific," citing numerous authorities sustaining this proposition.

In Tifft *v.* Porter (8 *N. Y.*, 516), it is held that a legacy is general, and not specific, unless by its terms it indicates a particular part of the testator's estate as the subject of the bequest. In that case the testator owned 360 shares of bank stock. He bequeathed 240 to one

legatee, and 120 to another, but without indicating that the shares bequeathed were to be taken from those which he owned at the time of his death. The legacies were held *general*, not *specific*, and Mr. Justice JOHNSON, at page 518, says: "A legacy is general when it is so given as not to amount to a bequest of a particular thing, or money, of the testator, distinguished from all others of the same kind. It is specific when it is a bequest of a specified part of the testator's personal estate, which is so distinguished. In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. Where, for instance, the testator used the words, *my shares*, or any other equivalent designation, it has been held sufficient; but the mere possession by the testator, at the date of his will, of stock of equal or larger amount than the legacy, will not of itself make the bequest specific."

These authorities seem to justify the conclusion that the legacies mentioned in the fourth clause of the will, including those given of the Manhattan Gas Company's stock, should abate proportionately to their amount, in consequence of the deficiency of the assets. But if this were not so, it is quite clear that it was the intention of the testator to provide for such abatement in the exigency indicated, by the following language: "After payment of the above legacies, which, in the event of my estate being diminished, should be proportionately reduced, &c." All the legacies referred to are covered by the word *which*, and are directed to be proportionately reduced.

On the question raised respecting allowances on the signing of this decree, I am of the opinion that no allowances should ever be made in this court to counsel representing legatees or next of kin, to be charged against the body of the estate, where such appearance has only been in the interest of their particular client, for the purpose of examining the account, and no objections are filed, and the account is found correct. Such appearance should be held to be in the interest of the particular party, and not for the benefit of the whole estate. If any allowance shall be made to such counsel, it should be made payable out of the legacy or distributive share of the particular client. The only allowances made against the body of the estate should be to the counsel for the executor or administrator, and any special guardian necessarily appearing in the case, except where legatees, or next of kin, shall file objections, and sustain them, or some portion of them, for the benefit of the whole estate.

The practice has hitherto prevailed, to some extent, of making allowances to the counsel for an executor, trustee or administrator on final accounting, to cover professional services rendered during the progress of administration, and prior to the proceedings initiating the final accounting. This case seems an appropriate one to state the grounds of objection to such practice, and the reasons why it should not be continued. In the first place, chapter 359 of the Laws of 1870, section 9, provides that the Surrogate of this county may grant allowance in lieu of costs to counsel in any proceedings before him, &c. It would be an unwarranted construction, in my opinion, to hold that in a particular proceeding

before such Surrogate, he might grant allowances, with reference to proceedings and advice not taken in his court. In the next place, because of the difficulty of ascertaining in proceedings not taken before him, the value of the services rendered by counsel on the employment of such executor, trustee, or administrator, the Surrogate cannot know authoritatively either that such services have been rendered, or their extent or value. If the representative of an estate shall employ counsel, which he clearly has the right to do, it is the duty of such counsel to present his account for payment before the final accounting, and for the representative to fix upon the amount which is reasonable to be paid, and pay it on his own responsibility, and credit himself with such payment in his final accounting. This will enable the executor in the first place to scrutinize the charges, and will give the parties in interest an opportunity to interpose objections if it shall appear to be exorbitant. This, in my opinion, is the only safe course to be pursued, and I have deemed it my duty to promulgate this view, to disapprove of the present practice, that the representatives of estates and their counsel may in the future conform their practice to that above suggested.

I am of the opinion that an allowance of $500 in lieu of costs would be reasonable in this case, to the counsel for the executor, and that the special guardian should be allowed the sum of $150, and that all other allowances should be made out of the respective distributive shares represented by said counsel, which I will fix, if desired, on signing the decree.

Ordered accordingly.