In the Matter of the Assignment of THOMAS MANAHAN to
ALEXANDER C. ROBERTSON for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided December 19th, 1879.)

Upon an accounting by an assignee for the benefit of creditors, the neces-
sity for and the reasonableness of charges for expenses must be shown.

An attorney for petitioning creditors who has been successful in obtaining
the removal of an assignee is not therefore entitled to an allowance out
of the assigned estate, although such removal may be for the advantage
of all the creditors.

APPLICATION to confirm the report of a referee upon an
accounting by an assignee under a general assignment for the
benefit of creditors, after his removal.

The facts are stated in the opinion.

VAN HOESEN, J.—The referee reports in favor of disallow-
ing two items in the account rendered by Robertson, the as-
signee, who was removed, and in favor of allowing every other
item in the account.

The two rejected items are charges for lunches and other
personal expenses of the assignee. It was proper to disallow
these items, but it seems to me the referee did not go far enough.

The testimony shows that the assignor kept a paper ware-
house in Duane Street, that Robertson was in possession of the
place about a month, and that in the period of four weeks, he
paid out in wages a large amount of money. Manahan, the
assignor, received for his wages at least $105, and other persons
received as wages $261.35, and in addition to all this Robert-
son says he expended $112 in removing the stock to the ad-
joining house.

It is difficult to understand why such a large expenditure
for wages was necessary or excusable. Robertson gave no ex-
planation of the matter, and in the absence of all evidence of
the necessity for the outlay his charge for wages must be re-

jected. It is possible that a portion of the charge may be sustained if Robertson be given a further opportunity to show that the outlay was advantageous to the estate. I will send the matter back to the same referee, that he may take such further evidence as may be offered as to the propriety of the expenditure for wages.

Robertson is not entitled to any allowance for counsel fees.

I think that the referee decided properly in rejecting Mr. Lockwood's claim for an allowance. Lockwood must look to the creditors who employed him. It is probable that the proceeding he instituted inured to the advantage of all the credi tors. That alone is not sufficient to entitle him to an allow ance out of the estate. He was acting throughout not for the estate but for his employers. And the benefit which the others received was merely incidental to the relief he obtained for his clients. We have never applied to proceedings under the Assignment Act, the rule which prevails in equity as to the payment of costs out of the fund in suits brought for the administration of assets (*Hamilton* v. *Hamilton*, 1 Malloy, 535).

Under section 25 of the Assignment Act the only costs that could be allowed to Lockwood would be costs against Robertson. It gives no authority for charging the fund with allowances to the counsel for some of the creditors for proceedings taken by them against an assignee.

The report as to Lockwood's allowance is confirmed.

Order accordingly.