In the Matter of the Assignment of RISLEY & BURRIS to CLIFFORD E. SMITH for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided January 29th, 1880.)

Under an assignment for the benefit of creditors which does not provide for the payment or indemnification of persons who subsequently incur liabilities or make advances for the assignor, a claim by a surety for the assignor upon a lease, for money paid by him, subsequent to the assignment, for rent due upon the lease and as a bonus for its cancellation, can not be allowed.

Where there is a trial before a referee of a claim disputed by the assignee, the prevailing party will be allowed as costs the usual costs of proceedings before notice of trial, costs of proceedings after notice and before trial, and the trial fee. Where an allowance is proper, it is to be com-

puted upon the amount of the claim in controversy at the trial, and must not exceed five per cent. of that amount.

APPLICATION to confirm the report of a referee upon a trial of a disputed claim under a general assignment for the benefit of creditors.

The claim was made by Lawrence G. Risley, as the surety of Risley & Burris, the assignors, upon a lease, for the payment by him, subsequent to the assignment, of rent becoming due on the lease for two quarters, and of a bonus for the surrender and cancellation of the lease. The claim was disputed by the assignee, and was referred. The report of the referee disallowed the claim, and the assignee made this motion to confirm the report.

*Samuel Brown*, for the assignee.

*John E. Risley*, for the claimant.

VAN HOESEN, J.—It is not contended that the assignment provides for the payment or indemnification of persons who subsequently to the date of the assignment incur liabilities or make advances for the assignor. There is, therefore, no authority for the payment by the assignee of those claims which Risley presents for advances or payments made by him after the assignment was executed (Burrill on Assignments, marg. p. 76 and notes).

For this reason alone, the report of the referee should be confirmed. But, after reading the testimony, I am of opinion that the bonus paid for the cancellation of the lease and the payment made for the rent for the quarter ending August 1st, 1879, could not be allowed even if the assignment had expressly provided for the indemnification of those who, after the execution of the assignment, should discharge liabilities arising out of suretyships undertaken for the benefit of the assignor prior to the assignment. The bonus could not become a claim against the assignor without his consent, and, of course, was not a valid claim against the estate in the hands of the assignee. It was in every respect an unnecessary expenditure, and is

Matter of Risley.

proved in this case to be a most foolish one. So also with respect to the payment of the August rent. The lease was surrendered and canceled in July. Rent paid for the quarter ending in August following, constituted no legal claim, and it was paid, doubtless, for the benefit of the new firm which was then in the occupation of the demised premises. It cannot be allowed against the firm of Risley & Burris, or against their creditors. Were it not that the claim for rent paid for the quarter ending May 1st is a claim for a payment made after the execution of the assignment, I should be inclined to allow it.

The report of the referee is confirmed, and the exceptions are overruled. The claimant must pay as costs the referee's fees and the necessary disbursements of the assignee at the trial.

I do not feel at liberty to award more than the usual five per cent. on the amount of the claimant's demand as counsel fee to the prevailing party. It is true that section 26 of the Assignment Act does not by its terms limit the amount of counsel fees to be awarded where a trial is had of a disputed claim, but I see no reason why allowances for a trial under that act should exceed allowances for trials under the Code of Procedure. The assignee is entitled to charge reasonable fees paid to his attorneys and his counsel as part of the expenses of administering the estate. An allowance to be paid by the losing party ought not to exceed the statutory rate for analogous proceedings. In addition to the five per cent., I think it not improper to allow costs of proceedings before and after notice of trial, and the usual trial fee of an issue of fact. The latter are taxable as costs (5 Abb. N. C. 144).

Order accordingly.