In the Matter of the Assignment of CHARLES S. FAIRCHILD *et al.* to WILLIAM E. MASTERTON for the Benefit of Creditors. Claim of ALEXANDER MASTERTON.

[SPECIAL TERM.]

(Decided February 8th, 1881.)

Where a reference of a disputed claim or matter under section 26 of the Assignment Act (L. 1877, c. 446 ; L. 1878, c. 318) is ordered by the court, the proceeding before the referee is a trial of the issues involved in the dispute, and an order of reference "to hear and determine" is proper. The decision of the referee can only be reviewed by the general term of this court.

Costs in such a case are allowed to the successful party as in an action, and must be taxed. An extra allowance, as in an action, may also be awarded. Referee's fees may be allowed at the rate of six dollars per day.

APPLICATION to confirm the report of a referee upon a disputed matter under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

J. F. DALY, J.—On petition of Mills & Gibb, Muser Brothers, Oscar Delisle & Co., Strange & Brother, Meyerheim & Kempner, Passavant & Co., Lawson Brothers, E. R. Dill-

ingham, Meyer & Dickinson and Gardiner Hall, Jr. & Co., creditors of the assignors, an order of reference was made by this court to George B. Pentz to hear and determine the matters set forth and referred to in said petition pursuant to the statute in such case made and provided (Assignment Act, § 26, L. 1877, c. 446; L. 1878, c. 318). The statute provides that "The Court, in its discretion, may order a trial by jury or before a referee of any disputed claim or matter arising under the provisions of this act or the acts hereby amended." The proceeding before the referee is therefore a trial—a trial of all the issues involved in the disputed claim or matter. The order of reference requiring the referee to "hear and determine" was proper in this case, because that is the duty of a referee who tries the issues. No review of a determination by a referee in such a case can be had at Special Term. I shall therefore not consider the exceptions, but leave the parties who consider themselves aggrieved to their appeal. This view of the practice under the 26th section of the act is, I find, taken by all the judges of this court whom I have consulted.

Under the same section of the act the court is authorized to award reasonable counsel fees and costs and determine which party to the dispute shall pay the same.

In this case Alexander Masterton, one of the schedule creditors to the amount of $10,000, was charged by the petitioning creditors with liability for all the debts of the firm making this assignment, on the ground that he was a secret or dormant partner in the concern, and that his claim of $10,000 was not a debt due him from the assignors but was in effect the amount contributed by him to the capital of the concern; and the petitioners also charged that if the said Masterton were a creditor his debt was invalid for usury.

All the issues raised by the petition and tried by the referee between Alexander Masterton and the petitioning creditors, were determined by the referee in favor of the former. I can find no equitable considerations which should move the court to refuse costs to the prevailing party in such a case. It is true that it is not likely that the petitioning creditors would have instituted this prosecution without strong suspicion that

the position they took would be borne out by the facts; but that alone affords no ground for relieving them from costs. Alexander Masterton did not mislead them, nor involve them in the litigation by any act of his. They took the proceeding to benefit themselves, believing that the legal effect of the dealings between the assignors and A. Masterton was to make him a copartner, or at least to affect the validity of his debt.

Costs and an extra allowance will be awarded the prevailing party, to be paid by the petitioning creditors. Costs to be taxed at the same rate allowed for similar services in an action. Allowance of five per cent. on $10,000.

The assignee will not be allowed costs, but will be allowed any necessary disbursements. There was no reason for his retaining counsel in the matter.

The report will be confirmed and judgment entered against the petitioners for the sums hereby allowed.

Referee's fees will be taxed at $6.00 per day under the Code.

Order accordingly.