it appears from the evidence that both the defendants' janitor and collector had actual notice or knowledge of its dangerous condition. A landlord of a tenement house is bound to keep the yards, hallways, coal holes, etc., in proper repair and reasonably safe condition, and is chargeable in damages to any one injured for a failure to do so. Dollard v. Roberts, (Sup.) 8 N. Y. Supp. 432; ; Id., 130 N. Y. 269, 29 N. E. 104; Henkel v. Murr, supra; Palmer v. Dearing, 93 N. Y. 7; Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424; Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077; Ahern v. Steele, 115 N. Y. 203, 22 N. E. 193. We think the court erred in dismissing this cause of action, but should have submitted it to the jury.

Had we the power, we would affirm the judgment as to the first cause of action, and reverse as to the second; but under Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324, followed by us in Elwell v. Fabre, (Com. Pl. N. Y.) 13 N. Y. Supp. 829, we feel constrained to reverse the judgment in its entirety, and to order a new trial, with costs to the appellant to abide the event. All concur.

---

(6 Misc. Rep. 526.)

### In re BARR et al.

(Common Pleas of New York City and County, Special Term. January, 1894.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—COUNSEL FEES.

Under Laws 1878, c. 318, § 26, providing that on the contest of a claim against an assignee for benefit of creditors the court may, "in its discretion, award reasonable counsel fees and costs," counsel for the assignee may be allowed compensation in excess of the taxable costs.

Claim against the assignee for benefit of creditors of Thomas M. Barr & Co. for damages for breach of contract by the assignors. The claim was disallowed by the referee, and the assignee now moves to confirm the report. Granted.

Myers & Anable, for claimant.
Arnold, Greene & Patterson, for assignee.

PRYOR, J. Upon a claim against an assignee for the benefit of creditors for damages from a breach of contract by the assignors the controversy was referred to Stephen P. Nash, Esq., pursuant to the provisions of the statute, and application is now made for confirmation of his report. Whether the decision of the referee be open to revision at special term (In re Fairchild, 10 Daly, 75) is not mooted by counsel, and I shall act upon their acquiescence. The conclusion of the learned referee against the validity of the claim is satisfactorily supported by the able argument accompanying his report. It is fortunate for the interests of justice, and greatly in alleviation of the labor of the court, that the question in dispute was submitted for determination to a gentleman so qualified by sound judgment and professional learning to decide it. The report is confirmed.

For services in the case counsel for the assignee solicit a compensation beyond taxable costs, and whether it be competent to

the court to concede their demand is the real question in controversy before me. In opposition to the allowance, counsel for the claimant cite cases arising under the provisions of the Code of Procedure. But the problem here is to be solved by recourse to the assignment act, and that, in terms, authorizes the court "in its discretion to award reasonable counsel fees and costs." Laws 1878, c. 318, § 26; 10 Edm. St. at Large, 627. In re Fairchild, 10 Daly, 74, and In re Risley, Id. 44, are explicit adjudications of the point in favor of the assignee. Considering the intricacy of the question involved, the research expended upon it, and the time occupied in the trial, I conclude that $450 would not be an excessive recompense to counsel. Judgment accordingly.

---

(7 Misc. Rep. 144.)

### KLEBISCH v. SIEDLER.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

COUNTERCLAIM—WHEN ALLOWABLE.

> In an action for services rendered defendant alleged that he had sold property to plaintiff, part of the price of which was paid by plaintiff's giving receipt for a certain sum for past and future services, and set up as a counterclaim so much as was specified in the receipt as for future services. Plaintiff denied the sale, and testified that the conveyance was in trust to sell and to hold part of the proceeds for future services to be rendered by him. *Held,* that it was error to refuse to charge that plaintiff was not entitled, as against the amount of the counterclaim, to credit for any services except such as were proven in the action, since defendant was entitled to the counterclaim if the sale was made as alleged by defendant, unless the amount had been absorbed in the payment of other services.

Appeal from city court, general term.

Action by Charles W. Klebisch against Charles Siedler for moneys laid out and expended on premises 69 East 106th street; also for legal services rendered in examining the title to the same premises, and endeavoring to procure a mortgage thereon. From a judgment of the city court (23 N. Y. Supp. 1167) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Tillotson & Kent, for appellant.
Charles Wehle, for respondent.

DALY, C. J. The plaintiff was attorney for the Lorillard Brickworks Company, and when the defendant was appointed receiver of that company the plaintiff continued to render him professional and other services. All of the transactions between the parties had reference to the receivership and the management of its property, no personal or private interest of the receiver being involved; but he contracted personally with the plaintiff, and is liable in a personal action. The premises 69 East 106th street, an unfinished flat, were part of the estate, and, having been sold under fore-