Matter of the Assignment of LEON MAYER, INC., to WINIFRED B. HOLTON for the Benefit of the Creditors.

(Supreme Court, Kings Special Term for Motions, September, 1919.)

Assignment for benefit of creditors — accounting by assignee — costs — Debtor and Creditor Law, §§ 20, 21.

> Where upon the accounting of an assignee for the benefit of creditors, it appears that the efforts of one creditor have resulted in increasing the fund to be divided among all the creditors, the court under sections 20 and 21 of the Debtor and Creditor Law may grant to said creditor costs as in an action and a counsel fee unrestricted in amount, all payable out of the estate.

MATTER of awarding costs upon an accounting of an assignee for the benefit of creditors.

Julius B. Baer, for objecting creditors.

Edward J. Rose, for assignee.

CROPSEY, J. Has the court power to award costs and an allowance to a creditor upon the accounting of an assignee for the benefit of creditors, payable out of the estate? This is the question here involved. If the power exists it may well be exercised when the creditor, as here, has been responsible for securing a substantial surcharge against the assignee.

Awards as allowances or counsel fees have been made by the courts but that of itself would not justify the continuance of the practice if the power to do so did not exist. This is a statutory proceeding and though the court has broad powers (*Matter of Morgan,* 99 N. Y. 145, 148) they are given by statute.

We must, therefore, find the power there. It is claimed that subdivision 17 of section 15 of the Debtor and Creditor Law contains the grant of this power. It provides that the court shall have power " To exercise such other or further powers in respect to the proceedings and the accounting therein as a surrogate may by law exercise in reference to an accounting by an executor or administrator." This language is not broad enough to cover the matter in question. In the Surrogate's Court an allowance payable out of an estate may be made to a legatee or next of kin who succeeded on an accounting so the whole estate was benefited. *Osborne* v. *McAlpine,* 4 Redf. 1, 5. And a successful contesting creditor is a party who has " succeeded in a contest " within the provisions of the section (2746) giving the surrogate power to award costs. *Matter of Welling,* 51 App. Div. 355, 359. But the costs and allowance that may be so awarded cannot exceed the amount specified in that section. *Matter of Kreidler,* 68 Misc. Rep. 412, 417. So if section 15 of the Debtor and Creditor Law is the one that gives the court power in general assignment matters to award costs and allowances, the limitation upon the amounts would be the same as upon the surrogate's power. And if there were no other provision in the law this section would be held to grant this limited power.

But there are other provisions of the Debtor and Creditor Act which specifically deal with this question. Section 21 reads: " The court, in its discretion, may order a trial by jury or before a referee, of any disputed claim or matter arising under the provisions of this article. It may in its discretion award reasonable counsel fees and costs, determine which party shall pay the same, and make all necessary rules to govern the practice under this article." Does this provision

authorize an award of costs and counsel fees payable out of the estate? It plainly does authorize an award of costs and counsel fees in the court's discretion. And these may be allowed in a " matter arising under the provisions of this article." That language is comprehensive enough to include a contest upon an accounting of the assignee. See Debtor and Creditor Law, § 15, subds. 9, 10, 11, 12. And there is nothing to limit this power to the fees of the counsel for the assignee. Plainly counsel fees of any litigant were intended to be covered. And as there is no definite provision against directing that such fees and costs when allowed be paid out of the estate such a direction may be made unless there is some prohibition in the statute against it. This it has been said is found in the language of the section quoted, which gives the court power to determine which party shall pay costs and counsel fees. *Matter of Manahan,* 10 Daly, 39, 40. This, however, does not seem to be the meaning of this clause. The determination as to which party shall pay the award is like the making of the award itself in the court's discretion. It is the equivalent of saying the court may settle how the costs and counsel fee, if allowed, shall be paid. This is the fair construction to be placed upon this provision. It imposes no limitation. The provisions of the Debtor and Creditor Law should be given a liberal construction. If such a limitation was intended it would have been clearly expressed.

Besides there is every reason for holding the section gives power to award counsel fees to a creditor as well as to an assignee and to direct payment out of the fund or by any party in the court's discretion. Section 20 of the act gives the court " the powers of a court of equity in reference to the trust and any matters involved therein." A court of equity has always

had the power to make discretionary awards of costs and allowances payable either out of the fund or by one of the parties. If a creditor by his vigilance and activity is successful in securing a surcharge, which of course benefits the whole estate, it is fair that the estate should bear at least a portion of his expense. The creditor in this proceeding has secured a determination surcharging the assignee over $1,100 and depriving him of all commissions and fees which might have amounted to more than $600.

The court may award costs and counsel fee to the creditor payable by the assignee, but it seems it may also, in its discretion, direct that the award be paid out of the fund. Certainly no other creditors could justly complain. Their interests in the fund having been materially increased by the diligence and activity of the one creditor, there is every reason why they should pay a portion of the expense. The diligent creditor who secured this advantage to the estate should not be penalized and the slothful creditors who did nothing be rewarded. It is not an answer to say, as was said in *Matter of Manahan,* 10 Daly, 39, that the attorney for the creditor was all the time acting for his own client. This is true in one sense. But whatever benefited his client was of proportionate benefit to every other creditor. When the assignee by the faithful performance of his duties has created a fund for the benefit of creditors his counsel fees are paid out of the estate. Why in equity should not the counsel fees of a creditor be similarly paid when his efforts have resulted in increasing the fund to be divided among all the creditors?

In the administration of its equitable powers in these matters the court should so act as to accomplish justice to all. It is an established equitable principle when all the members of a class share in a fund pre-

served or increased by the individual efforts of a single member of that class the latter shall be awarded his costs, expenses and counsel fees, payable out of the fund so preserved or increased before its distribution. *Trustees* v. *Greenough,* 105 U. S. 527, 531–533; *Central Railroad & Banking Co.* v. *Pettus,* 113 id. 116, 124; *Woodruff* v. *New York, L. E. & W. R. R. Co.,* 129 N. Y. 27; *Schoenherr* v. *Van Meter,* 215 id. 548; *Jessup* v. *Smith,* 223 id. 203, 207; *Strong* v. *Dutcher,* 186 App. Div. 307.

In *Matter of Watt,* 10 Daly, 11, and *Matter of Manahan,* 10 id. 39, the court refused allowances to counsel for creditors upon an accounting by an assignee. When those cases were decided the General Assignment Act of 1877 (Laws of 1877, chap. 466, as amd. by Laws of 1878, chap. 318) was in force. Section 26 of the act of 1877 contained language practically identical with that in the present Debtor and Creditor Law with regard to the award of costs and counsel fees. But in neither of those cases is the decision based upon the ground of want of power. The court merely seemed to feel it was unwise to make such an award. In *Matter of Barr & Co.,* 6 Misc. Rep. 526, an allowance for counsel fees was made payable by the losing party, and in *Matter of Oakley,* 41 id. 652, such an allowance was made for the counsel fees of the assignee payable out of the fund. And in *Matter of Talmage,* 39 App. Div. 466, 475, 476, the court stated in general terms that section 26 of the act of 1877 authorized an award of counsel fees as well as costs. It also stated it was immaterial whether the award was called an allowance or counsel fees.

Thus the courts have recognized that the power exists. And if the award may be made to the assignee for his counsel fees there is no reason why it may not be made to a creditor for his counsel fees. The statute

makes no distinction. It merely authorizes the award of counsel fees. It does not say to whom they may be awarded. If the power exists to make such an award of counsel fees to an assignee it must exist to make a similar award to a creditor. And if the court has the power to make the award payable from the estate in the one case, it must have the like power in the other case. That this may be done has been expressly held in cases in other states. *Krodel's Assigned Estate (No. 2)*, 27 Penn. Super. Ct. 421; *Mitchell* v. *Tyler*, 20 Ky. Law Repr. 1249, 1252.

The costs that may be awarded are the same as in an action. *Matter of Rauth,* 10 Daly, 52. It has been held that an award of counsel fees cannot exceed five per cent of the amount involved, that is, that it must be limited to the amount of an additional allowance that might be granted in an action. *Matter of Risley,* 10 Daly, 44, 46. But the reason for this holding is not apparent in the language of the statute. That imposes no limitation. If the court's power is thus limited, the provisions of the statute are substantially nullified. Five per cent of the amount involved in many instances would be wholly inadequate as a counsel fee. And as there is nothing in the statute to indicate such a limitation and nothing to show that the award should be made on the basis of an additional allowance, the power of the court to fix the amount must be deemed to be unrestricted. In this proceeding the objecting creditor is allowed costs and a counsel fee of $250, all payable out of the estate.

When the prior decision was made confirming the referee's report and upholding all the surcharges against the assignee it was not noted that the referee's report is in error in one regard. It states in findings 17, 24 and 41, that the account of the assignee as filed shows that he charges himself with $16,104.91

Supreme Court, September, 1919. [Vol. 108.

and credits himself with $12,441.52. These figures are incorrect. The amended account as filed does not show this. The principal mistake in the referee's statement seems to have been caused by his including twice certain items. The amended account as filed shows in Exhibit A the gross receipts to be $11,918.51 and the gross expenditures to be $8,714.90. But Exhibit B shows the additional receipt (October 13, 1916) of $641.65 and the additional expenditure (October 13, 1916) of $373. Thus the total receipts were $12,560.16 and the total expenditures $9,087.90. This leaves, according to the amended account as filed, in the hands of the assignee $3,472.26. To this, of course, the amount of the surcharge totaling $1,122.81 must be added, making a total of $4,595.07, which is to be paid by the assignee as directed by the court's order which has been signed.

Ordered accordingly.