■ In the Matter of AMC COMPUTER CORP., as Assignor, Respondent. YANN GERON, as Assignee, Respondent; EUGENIA VI VENTURE HOLDINGS, LTD., Appellant. [832 NYS2d 38]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered March 15, 2006, which, to the extent appealed from, held respondent Geron's motion in abeyance while referring to a Special Referee, for hearing, report and recommendations, the "limited question of what commissions, counsel fees, and reserve funds are actual and necessary to pay Geron for the value of his services as assignee"; order, same court and Justice, entered November 14, 2006, which directed the parties to submit a joint letter to the court naming a successor assignee or listing up to nine proposed successor assignees; and orders, same court and Justice, entered November 14, 2006, which (a) granted Geron's motion to terminate the reference of Special Referee Sue Ann Hoahng, deny her fees and appoint a new Special Referee to report or, in the alternative, compelling her to file a report regarding "the quantum meruit payments of the assignee's fees and expenses above the $125,000 cap," and (b) denied the Creditor's motion to confirm said Referee's report of September 18, 2006, unanimously affirmed, with one bill of costs.

The orders of reference were appealable as of right, in that they affected a substantial right of the secured creditor (*Cooke v Laidlaw Adams & Peck*, 126 AD2d 453, 457 [1987]; CPLR 5701 [a] [2] [v]). Under article 2 of the Debtor and Creditor Law, the court is given broad powers to supervise the administration of an estate held by an assignor for the benefit of creditors (*see Matter of Vogue Pleating & Embroidery Co.*, 11 AD2d 358, 360 [1960]). Although the July 2005 so-ordered stipulation provided for a $125,000 cap on payments to the assignee, the court's statutory authority to supervise the assignment gave it the

power to order the quantum meruit payment to the assignee, from estate assets, of the "actual and necessary expenses incurred by the assignee in the administration of the estate" (Debtor and Creditor Law § 21), plus reasonable counsel fees and expenses (*Noyes v Blakeman*, 6 NY 567 [1852]), as well as any additional compensation necessary in the interest of the estate (Debtor and Creditor Law § 15 [2]). The court is also empowered to direct the method of appointing a successor assignee (*see Matter of Tousey*, 2 App Div 569 [1896]).

Inasmuch as a referee's determination is limited to the scope of the reference (*see Marshall v Pappas*, 143 AD2d 979, 980 [1988]), the court properly rejected the Referee's report because the Referee had failed to assess the amount of quantum meruit award over $125,000 based on the factors set forth in *Matter of South Shore Tobacco & Candy Co. (Davidson)* (143 Misc 2d 992, 994 [1989], *affd* 148 Misc 2d 274 [1990]).

We have considered the creditor's remaining arguments and find them without merit. Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ. [*See* 11 Misc 3d 1062(A), 2006 NY Slip Op 50361(U) (2006).]