■ BDP INTERNATIONAL FINANCE CORPORATION et al., Appellants-Respondents, v PEDRO CASTILLO et al., Respondents-Appellants, et al., Defendant. [865 NYS2d 552]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 6, 2008, awarding defendants Castillo and First Affiliated the principal sum of $254,003.68,

and order, same court (Marian Lewis, Special Ref.), entered December 11, 2007, which granted defendants attorney fees and costs except with regard to their application for damages in vacating a temporary restraining order, unanimously affirmed, without costs.

The award of attorney fees and costs incurred in vacating the temporary restraining order was not premature. The Special Referee properly applied the appropriate factors (*see Jordan v Freeman*, 40 AD2d 656 [1972]) and her own knowledge, expertise and experience as to the time required to perform the legal services (*David Realty & Funding, LLC v Second Ave. Realty Co.*, 26 AD3d 257, 258 [2006], *lv denied* 7 NY3d 705 [2006]) in determining the amount of fees for the vacatur. Upon our own review (*see Park Regis Apt. Corp. v Zang*, 237 AD2d 150 [1997]), we agree with the determination. Amounts with respect to the appeal from the vacatur (*see Roberts v White*, 73 NY 375, 381 [1878]) and billings redacted on the ground of privilege (*see Soiefer v Soiefer*, 17 AD3d 268, 269 [2005]) were properly included. The court properly declined to allow evidence regarding the propriety of the vacatur as beyond the scope of the reference (*see Matter of AMC Computer Corp.*, 38 AD3d 402, 403 [2007]). Fees and costs for the damages application were properly denied based on the amount and type of legal work performed and the Special Referee's apt recognition that such ruling would appropriately offset any excessiveness in the legal fees and costs sought for the vacatur. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.