EXECUTORS AND ADMINISTRATORS—ESTATE IN TWO COUNTIES—TRANSFER–TAX APPRAISER.

As under Laws 1892, c. 399, § 10, jurisdiction to assess the transfer tax therein provided for is made to depend upon jurisdiction to grant letters of administration or to give ancillary letters, and as under Code Civ. Proc. § 2477, where the real or personal property of a decedent is situated in two counties the filing of a petition for letters of administration in one of such counties excludes the jurisdiction of the other, a surrogate has no jurisdiction, upon a petition for ancillary letters of administration, to appoint a transfer-tax appraiser for property of the intestate in another

county, after ancillary letters have been issued by the surrogate of that county, though without a citation to the county treasurer as required by law.

Motion in the matter of the estate of Francis Hathaway, deceased, to vacate the appointment of a transfer-tax appraiser in the county of Chemung by the surrogate of the county of New York. Motion sustained.

T. Frank Brownell, for the motion.
Emmet R. Olcott, opposed.

VARNUM, S. This matter was originally submitted to Surrogate Arnold, and subsequently, after reargument, submitted to me. The decedent, who was a nonresident, died in 1895, leaving property in the county of Chemung, and also in the county of New York. Ancillary letters were obtained in the former county, but without citation to the county treasurer as required by law. In August, 1895, on application by the comptroller of the county of New York, a transfer-tax appraiser was appointed in that county. The present motion is made to vacate such appointment, on the ground that the surrogate of this county had no jurisdiction to make the order. In reply, it is urged that the jurisdiction of both surrogates to issue ancillary letters of administration and to enforce the transfer tax was originally concurrent, and that the failure on the part of the surrogate of Chemung to cause the county treasurer to be cited, while only an irregularity, so far as the validity of the ancillary letters themselves are concerned, nevertheless caused him to fail to obtain jurisdiction for transfer-tax purposes. The surrogate of New York was, therefore, according to this contention, the first surrogate to obtain jurisdiction for such purposes when he made the order sought to be vacated. This claim cannot, I think, be maintained. Section 10 of chapter 399 of the Laws of 1892 furnishes the law applicable to the matter, and makes jurisdiction to assess the transfer tax thereunder depend upon jurisdiction to grant letters testamentary or of administration, or to "give ancillary letters," etc. The surrogate of Chemung county having issued ancillary letters, although there appears to have been irregularity in the proceeding, the surrogate of this county would have no jurisdiction to issue them. Code Civ. Proc. § 2477. He therefore would have no jurisdiction for transfer-tax purposes, and the application to vacate the order appointing an appraiser is granted.

Application granted.