(28 Misc. Rep. 607.)

### In re O'DONOGHUE'S ESTATE.

(Surrogate's Court, New York County. July, 1899.)

TAXATION—APPOINTMENT OF TRANSFER TAX APPRAISER.

> Under Laws 1896, c. 908, § 232, as amended by Laws 1897, c. 284, § 7, providing that from the report of the appraiser and other proof the surrogate shall determine the cash value of all estates, and the amount of tax to which the same are liable, it is the function of the appraiser, subject to the review of the surrogate, to determine whether the property is taxable or not, and the court need not determine that fact itself before appointing an appraiser, under Laws 1896, c. 908, § 230, as amended by Laws 1897, c. 284, § 6, providing that the surrogate, on the application of an interested party, or on his own motion, shall appoint an appraiser to fix market value of "property of persons whose estates shall be subject to the payment of any tax."

Application by the executors of Joseph J. O'Donoghue, deceased, to vacate an order appointing a transfer tax appraiser. Application denied.

James M. Hunt, for comptroller.

W. P. & R. K. Prentice, for executors.

VARNUM, S. In this matter a transfer tax appraiser was appointed on the petition of the comptroller of the state of New York, the executors claiming that no part of the estate was taxable, and declining to apply for one. The executors appeared specially before the appraiser for the purpose of objecting to his jurisdiction and that of this court, and filed affidavits to the effect that the decedent's property consisted only of realty, and less than $10,000 of personalty, and that no property had been transferred by him in contemplation of death. The appraiser proposing to continue the appraisal, an application was made to Mr. Surrogate ARNOLD to vacate the order appointing him, and a stay granted pending its determination. The matter has now been resubmitted to me, the ground on which it is sought to vacate the appointment being that the petition of the

comptroller did not contain sufficient allegations to support the order. From the language of section 230 of chapter 908 of the Laws of 1896, as amended by section 6 of chapter 284 of the Laws of 1897, it appears that the surrogate may appoint an appraiser without any petition at all, "upon his own motion." See In re Westurn's Estate, 152 N. Y. 93, 96, 46 N. E. 317, where it is said that the surrogate in that case appointed an appraiser "apparently on his own motion," and page 101, 152 N. Y., and page 317, 46 N. E., where such a course seems to be approved. See, also, In re Astor's Estate (Sur.) 2 N. Y. Supp. 630, and In re Wolfe, 137 N. Y. 205, 33 N. E. 156. In the latter case (page 212, 137 N. Y., and page 157, 33 N. E.) the court says that when the machinery of the act is set in motion by the surrogate, either on application "or on his own motion," he is at once invested with the office and functions of an ordinary tax assessor. The claim of the executors seems to be based on the words in the section of the statute already cited, which provide for the appointment of an appraiser for the "property of persons whose estates shall be subject to the payment of any tax." In effect, they ask the court to determine that the property is taxable before appointing an appraiser. This determination is the function of the appraiser, subject to the review of the surrogate. See section 232 of the act of 1896, as amended by section 7 of chapter 284, Laws 1897. There is nothing inconsistent with this in Re Wolfe, where, at page 212, 137 N. Y., and page 157, 33 N. E., it is said that the surrogate "must decide whether the property is taxable, for that fact lies at the foundation of his jurisdiction, and is of the essence of his right to proceed with the assessment." The surrogate, by appointing an appraiser, is taking the first step prescribed by the act, to the end that he may decide whether the property is taxable. If it is, "that fact" is "the foundation" of his right to assess the same. The general jurisdiction of the surrogate to appoint an appraiser seems to attach whenever the conditions specified in section 229 of the act are present; for example, where, as here, the court had jurisdiction to issue letters testamentary on the estate. In re Hathaway's Estate (Sur.) 59 N. Y. Supp. 166. The foregoing considerations lead me to deny the application, and the order staying proceedings before the appraiser will be vacated.

Application denied.