NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
January, 1881.

## MATTER OF MILES.

*In the matter of the estate of* ABAIL MILES, *deceased.*

Costs may, by analogy to the practice of the supreme court in equity, be allowed under the Code of Civil Procedure, to each of the parties adjudged to be entitled, in the discretion of the Surrogate.

Time devoted by executors' counsel to examining the law, and drawing and settling the decree, on an accounting which is not contested, is not occupied in "preparing for the trial," within the meaning of Code Civ. Pro., § 2562.

The allowance of $25, to executors, etc., under Code Civ. Pro., § 2561, is designed to cover all the proceedings, on an accounting where no trial is had, except the preparation of the account; unless, *it seems*, where, objections having been filed, and reasonable preparation made, the objections are withdrawn before trial.

The question, what is a judicial settlement of the account of an executor, etc., under that Code,—discussed.

THIS was an application for the settlement of a decree on an accounting by the executors, required by the Surrogate on the petition of a legatee. The petition also prayed that the executors show cause why they should not be removed, and counsel for both parties asked that their costs be fixed and allowed. The proceedings for removal were not pressed, but the account was filed, no objections thereto being interposed, nor was there any hearing on the merits. The proposed decree not only adjusted the account, but directed that after paying commissions, and expenses of accounting, the executors pay over to the party entitled the balance of income in their hands, and hold the residue of the estate under the provisions of the will.

The petitioner's counsel presented an affidavit showing that in preparing for, and taking the proceedings, attending court, examining the account, and other matters connected therewith, he had expended thirty-two days, and asked that there be allowed to his client $10 per day therefor, while counsel for the executors filed an affidavit setting forth that in the preparation of the account, attending court, preparing and attending to settle the decree, he had expended eleven days, and asked a like allowance.

FAIRFIELD & WASHBURN, *for the motion.*

HUGHSON & WEBBER, *opposed.*

THE SURROGATE.—As this is the first application made to the Surrogate personally for the fixing of allowances under the new Code, I deem it proper that a careful consideration of the authority of the court in the premises should be made.

Section 2558 makes it discretionary with the Surrogate whether to award costs in a case like the present, and by section 2561, a like discretion is given ; but by that section, as I interpret it, the disbursements and $25 to the party are the maximum allowance which can be made to the petitioner, as there has been no trial or hearing upon the merits before the Surrogate. Section 2562 does not apply to an allowance to be made to the petitioner, but limits such additional allowance to the executor, etc., upon a "judicial settlement" of his account. I am embarrassed by the silence of the first-named section, as well as of all the other sections relating to costs, as to whether the allowances may be made in the amounts named, in the discretion of the Surrogate, to *each* party who shall be adjudged entitled,

or to the party, who succeeds; or, in case it shall appear that all are entitled, the sums named are to be divided among them; but I am constrained, from the analogy of the practice of the supreme court in equity, to hold that such allowances may be made to each of the parties adjudged to be entitled, in the discretion of the Surrogate.

It is claimed by the executors' counsel, that he is entitled to an allowance for his disbursements and $25, under section 2561, and such a sum as the Surrogate deems reasonable for counsel fees, and other expenses, not exceeding $10 for each day necessarily occupied in preparing his account for settlement, and otherwise preparing for the decree, including attendances at court; for the reason that this is a "judicial settlement" of the account of the executors, within section 2562.

But for the fact that all the parties interested in the estate *happen* in this case to be before the court, it seems to me that this would be an intermediate account required by the Surrogate, under § 2723; and yet, by § 2514, subd. 8, "judicial settlement" is defined to be a decree of this court, whereby the account is made conclusive upon the parties to the special proceeding, and it is entirely clear that this account settled by the decree is, as every other account so settled, "conclusive as between the parties to the proceeding," although the executors were not required, under § 2724, to "judicially settle their account."

The ninth subdivision of section 2514 defines an "intermediate account" as one filed for the purpose of disclosing the acts of the person accounting, and the condition of the estate or fund in his hands, not made the subject

of a "judicial settlement;" and yet, by section 2723, the account is denominated intermediate, where the application for the issuing of execution, or for the payment of a claim or legacy, is made, and there is no provision for a contest of such an account.* Without such a provision it is not apparent how it can be useful for any practical purpose, and the theory of the Code seems to be that when there shall be a filing of an account intermediate, under the order of the Surrogate, in order to a valuable investigation as to the correctness of the account, there must be a requirement by the Surrogate, that the same be "judicially settled," and even then, under section 2730 it would appear that no parties would be entitled to contest the account, unless the application for such judicial settlement shall be made *by the executor or administrator*. Why an intermediate account filed on direction of the Surrogate, as a means of determining the duty of the representative of an estate towards a claimant, as creditor, distributee, or legatee, should not be in readiness for objections, and contest thereon, is not apparent, and why an additional proceeding to require a judicial settlement is necessary is equally obscure, as such accountings do not require all the parties interested in the estate on ultimate distribution to be brought in, but only the representative of the estate.

I am of the opinion that this accounting was a "judicial settlement" of the executors' account; that the petitioner is entitled to his disbursements, and $25; that the executors are entitled to their disbursements, and $25;

---

* Such a contest is now allowed. See Code Civ. Pro., §§ 2562, 2730, as amended in 1881.

that, in addition thereto, they are entitled to $30, for three days devoted to preparing the account and schedule, and that they are not entitled to any allowance for attendances at court, examination of the law, and drawing, or settling, the decree, for the reason that they were not devoted to "preparation for the trial." The theory of the codifiers seems to have been that the $25 should cover all the proceedings except the preparation of the account, where no trial was had ; unless, perhaps, where objections were filed, and reasonable preparation made, and, before the trial commenced, the objections were withdrawn for any reason.

Ordered accordingly.