(20 Misc. Rep. 305.)

### McMAHON et al. v. SMITH.

### KEEGAN et al. v. SAME.

(Supreme Court, Appellate Term. May 27, 1897.)

1. ADMINISTRATORS' BONDS—LIABILITY OF SURETIES—PROOF OF DEFAULT.
    Under Code Civ. Proc. § 2743, forbidding the surrogate to direct distribution of moneys adjudged to be in an administrator's hands until all persons interested in the estate have been made parties, a decree of distribution rendered in a proceeding for an accounting, to which some of decedent's next of kin were not parties, is not conclusive on the administrator's sureties in an action against them for default of the administrator in making the distribution, though such omitted next of kin join in the action against the sureties.

2. COSTS—RIGHT TO—PROCEEDING IN SURROGATE'S COURT.
    Code Civ. Proc. § 2562, providing that the surrogate may allow a fiduciary, on the settlement of his accounts, a reasonable sum for counsel fees, does not authorize an allowance to the attorney personally.

Appeal from city court of New York, general term.

Actions by Dennis McMahon and others against John Smith and others, and by James Keegan and others against the same defendants. From an affirmance (42 N. Y. Supp. 1126, 1127) of a judgment entered in each case on the decision of the court sitting at trial term without a jury, in favor of defendant Smith, for the dismissal of the complaint on the merits (39 N. Y. Supp. 826), plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Dennis McMahon, for appellants.
Andrew M. Clute, for respondent.

BISCHOFF, J. These actions, brought to enforce the liability of sureties upon an administrator's bond for the principal's alleged default in compliance with the provisions of the surrogate's decree directing distribution of the assets adjudged to be remaining for such purpose, were tried at one time upon the same proofs, and the plaintiffs' appeal is in each instance based upon the exception taken to the decision of the trial justice as rendered for the dismissal of the complaint upon the merits, after trial before him without a jury.

By properly authenticated records, it was made to appear to the trial justice, in behalf of the plaintiffs, that in a proceeding for a compulsory accounting instituted upon the petition of James Keegan, one of the next of kin, before the surrogate of the county of New York, the administrator alone being cited for such purpose, a decree, dated August 29, 1895, was made, by which it was adjudged that there was remaining in the administrator's hands a balance of assets amounting to $1,076.51, and he was directed to pay the same, $75 to the referee for his fees in the proceeding, $80.20 to the stenographer for his fees, $121.99 to the plaintiffs in the McMahon action, the attorneys for the petitioner, and Joseph Keegan, another of the next of kin, who had appeared pending the accounting proceeding, "as and for their costs and disbursements and allowance," and the residue to "James Keegan, Joseph Keegan, Margaret Riggs, Michael Keegan, and Edward Riggs, the next of kin of the deceased." Michael Keegan was the accounting administrator, and the other persons named as next of kin are the plaintiffs and appellants in the other of the actions hereinbefore alluded to. Neither the sureties of the administrator, defendants in such actions, nor Margaret Riggs and Edward Riggs, were at any time cited in such accounting proceeding, and they did not appear therein. The amount so adjudged to be remaining in his hands, and directed to be distributed by the administrator, was made up of $189.35, not in dispute, $19 and $46.63, items of credit in the account which were disallowed, and $821.53, the amount, with interest, of an indebtedness found to have been owing from the administrator personally to the intestate; and the bond sought to be enforced in these actions was the usual one given upon the award of administration, and conditioned that the administrator "shall faithfully execute the trust reposed in him as administrator of all and singular the goods, chattels, and credits of Jane Keegan, late of the city of New York, deceased, and obey all lawful decrees and orders of the surrogate's court of the city and county of New York, touching the administration of the estate committed to him." For the omission of the sureties as parties to the accounting proceeding the court below held the question of their liability open to litigation, and then, after examination of the evidence taken before the referee appointed by the surrogate to inquire into the controverted questions of fact upon the accounting (the only evidence adduced upon the trial of these actions, apart from the record evidence), it was determined, in effect, that the administrator was improperly charged with an amount the deduction of which sufficed to defeat the claims of these plaintiffs against either principal or sureties.

The particular error assigned for the purposes of these appeals, therefore, has to do with the soundness of the ruling that the surrogate's adjudication could thus be attacked by the sureties defendant upon the ground that, through the failure of the service of citation upon or appearance by them, they were not concluded, although jurisdiction was obtained by the surrogate as to their principal, in the proceeding which, it is to be remembered, was one for a compulsory accounting, and to which, it is urged, the provisions of the

Code of Civil Procedure concerning the sureties as necessary parties (section 728), as in force at the time, did not apply. It is needless, however, to inquire into the merits of the appellants' contention. In any event, their complaints were properly dismissed. So much of the surrogate's decree under review as directed distribution of the assets remaining in the administrator's hands was clearly coram non judice. Hence the administrator was not shown to have failed of compliance with any lawful decree or order of the surrogate's court, for which default only the sureties defendant had bound themselves to pay. Section 2743 of the Code of Civil Procedure, which is applicable to all accounting proceedings, voluntary or compulsory, in effect inhibits the surrogate from proceeding with the distribution of the estate adjudged to be remaining in the hands of an executor or administrator for such purpose until after all persons who have not then appeared or been cited, and who have an interest in the estate to be distributed, have been brought in by supplemental citation as prescribed in section 2727. That Margaret Riggs and Edward Riggs, two of the next of kin named in the decree, in default of their appearance in the accounting proceeding, should have been cited before distribution of the fund adjudged to be remaining in the administrator's hands for such purpose should have been directed, is, in view of the Code provision just alluded to, not a matter for dispute. Without their presence as parties, the decree, as made, did not conclude them, and could afford no protection to the administrator if it should subsequently be made to appear that others, claiming to be entitled to distribution, were not, in fact, so entitled, or not to the extent claimed; and this protection it was the plain purport of the Code to extend. If it be said that by joining in the action to enforce the bond Margaret Riggs and Edward Riggs adopted, and so were concluded by, the decree, the answer is plain. No default on the part of the administrator in compliance with the decree was shown, since the default complained of, and for which alone the sureties were sought to be held answerable in these actions, was one which was alleged to have taken place before such actions were brought. What has been said with regard to the decree under review applies with equal force to the McMahon action. It is only upon the theory of a transfer or an assignment to them that the plaintiffs in that action could hope to enforce a judgment for costs awarded to them personally. They were not parties to the accounting proceeding. The power to award costs is derived wholly from statute provisions (4 Am. & Eng. Enc. Law, 314, 315; 5 Enc. Pl. & Prac. 110, 148; Redf. Sur. Prac. [2d Ed.] 757; In re Holden, 126 N. Y. 589, 27 N. E. 1063), and the Code of Civil Procedure (sections 2557–2562) authorizes the surrogate to award costs to the parties only. Costs, furthermore, are a mere incident to the relief to be awarded to a party to the action or proceeding (Clark v. Rowling, 3 N. Y. 216); and it has been ruled directly that the surrogate is without power to award costs or allowances to the attorney or attorneys of a party to the proceeding before him personally (Wilcox v. Smith, 26 Barb. 316; Devin v. Patchin, 26 N. Y. 441, 449). Intrinsically, however, the amount awarded to the plaintiffs in the McMahon action was a

part of the amount adjudged upon the accounting to be remaining for distribution, since by the very terms of the decree the amount so awarded was payable, not by the administrator, personally, but out of the fund with which he stood charged.

For the reasons stated, the judgments of the trial and general terms of the court below in each action should be affirmed, with costs. All concur.