---

In re WELLING'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. APPEAL AND ERROR—SUPREME COURT—REVIEW OF ACTION OF SURROGATE COURT—QUESTIONS OF FACT.

On appeal from the allowance by the surrogate of compensation to executors and testamentary trustees for services performed by them in the administration of the estate, the supreme court is vested with the same power over questions of fact as is the surrogate, and is to determine for itself, on all the facts as well as on the law, whether the decision is right.

2. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—COMPENSATION—BREACH OF TRUST.

Under Code Civ. Proc. § 2562, providing that the surrogate may, in his discretion, allow to executors or testamentary trustees on judicial settlement of their accounts such sum as he deems reasonable for their counsel fees and other expenses, not exceeding $10 for each day occupied on the trial and necessarily occupied in preparing his account for settlement, it is error on an accounting by the executor of a testamentary trustee who has been guilty of maladministration, and who has diverted a large part of the funds of the estate, to allow the attorneys for the executors of the trustee compensation from the estate of which their decedent was trustee for services in preparing a statement on which a compromise settlement between the trust estate and their decedent's estate for the funds diverted was based.

64 N.Y.S.—65

**3. SAME—COSTS—ALLOWANCE TO COUNSEL.**

Under Code Civ. Proc. § 2562, providing that the surrogate may allow to an executor or a testamentary trustee, on the judicial settlement of his account, or on an intermediate accounting, such sum as the surrogate, in his discretion, deems reasonable for the executor's counsel fees and other expenses, any allowance made should be made to the executor, and not to his counsel.

**4. SAME—MALADMINISTRATION—COMPENSATION OF EXECUTORS.**

Executors of a testamentary trustee are not entitled to compensation for services rendered by their decedent, where the trust estate lost a large sum of money by reason of his maladministration, though the loss has been compromised at a figure which results in the loss to the trust estate of an amount greatly in excess of the compensation which it is claimed the deceased trustee's estate is entitled to. ·

**5. SAME—ACCOUNTING—COSTS.**

On an accounting by the executors of a deceased testamentary trustee, it is error to allow compensation from the trust estate to the attorneys of legatees and remainder-men, though they have rendered valuable services to the estate in connection with the accounting; such allowance not being authorized by law.

Appeal from surrogate's court, Orange county.

Judicial accounting by Sarah Welling, as executrix of the estate of William R. Welling, deceased. From a decree allowing certain compensation to the attorneys for the testamentary trustee and other items, the executrix appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

F. V. Sanford, for appellant Sarah Welling.

Edward B. Sanford, for appellants Wisner and others. .

M. N. Kane, for respondents.

JENKS, J. This is an appeal from the parts of a decree of judicial accounting in the surrogate's court of Orange that give certain allowances. The accountants are a testamentary trustee and the executors of her co-trustee. Under section 2562 of the Code of Civil Procedure, $1,590 was allowed to the executors of the said testamentary trustee, or to the attorneys who prepared the accounts, and $400 was allowed to the said executors in lieu of full half commissions for receiving the corpus of the trust fund. Some of the residuary legatees· and remainder-men and the said executrix and co-trustee take appeals therefrom; and the latter also appeals from that part of the decree awarding allowances to attorneys representing different remainder-men and residuary legatees.

In review of the surrogate, this court is vested with the same power over questions of fact that he holds, and, upon any questions presented by the appeal, is to determine for itself, upon all the facts, as on the law, whether the decision is right. In re Rogers, 10 App. Div. 593, 42 N. Y. Supp. 133. We properly may consider the decision of a surrogate upon the facts, for we might be well guided, but we are entirely free to depart from it.

1. As to the allowance: The affidavit of the attorney certifies that he was engaged 159 days, states his views of the necessity, and is supported by the affidavits of an assistant and of one of the account-

ing executors. It appears at the death of one of the two executors and testamentary trustees there was a large deficit of the trust funds that must be laid entirely at his door. This deficit was, in part, made good out of his estate, and a compromise followed. The affidavit of the attorney states that he prepared a statement upon which the compromise was based, and the details thereof appear in a schedule of the accounts filed. But we cannot see that such statement was necessarily a part of the accounts. An accounting herein was demanded in December, 1898, which was, however, regularly adjourned to the day of the final decree herein, in October, 1899. On January 21, 1899, the compromise of this deficit was made, recorded, and executed, and in August, 1899, a voluntary accounting was begun, whereupon the two proceedings for accounting were consolidated. Upon the attorney's own showing, a considerable part of his labors was devoted to the work preliminary and incidental to this compromise, and it is also established that he was retained for that purpose. Moreover, 56 of the days specified in his affidavit fell prior to the date of the compromise, and, presumably, were devoted to the work of the compromise. Such part of his labors, in our opinion, can form no basis for any allowance based upon section 2562 of the Code of Civil Procedure; for it does not appear that such time was necessarily occupied in preparing this account for settlement. The claim must be presented anew to the learned surrogate, who, we think, may properly make such allowance as is justified by the work germane to this accounting. Further, the allowance must be made to the executors, and not to the counsel. Seaman v. Whitehead, 78 N. Y. 306–308; section 2562, Code Civ. Proc.

2. As to the allowance of $400 to the trustees: In Re Rutledge (N. Y.) 56 N. E. 511, the court of appeals held that the language of section 2730 of the Code of Civil Procedure is "not necessarily exclusive of all discretion in the surrogate, and that its exercise should be left to him upon all the facts, in the review of which by the appellate division ample opportunity for correction is afforded." These executors stand in the shoes of their testator. In re Wiley, 119 N. Y. 642, 23 N. E. 1054; section 2606, Code Civ. Proc. Commissions are allowed to trustees as compensation for services in the execution of a trust, and in the case of gross neglect and unfaithfulness the court may properly disallow them. Cook v. Lowry, 95 N. Y. 104–114; In re Matthewson, 8 App. Div. 8, 11, 12, 40 N. Y. Supp. 140; Stevens v. Melcher, 152 N. Y. 551–583, 46 N. E. 965. There are, in our opinion, no services shown that justify any allowance of commissions. The decree of the learned surrogate in this respect was, at best, halting. It reads as follows:

"And it appearing that the deficiency in the trust fund has been compromised and settled out of court, but that said compromise did not pay said deficiency in full, one-half commissions for receiving the corpus of the said trust fund is denied the estate of the said Thomas Welling, except to the extent of four hundred dollars, which said sum of four hundred dollars the said Sarah Welling is hereby ordered and directed to pay to Thomas Welling and William R. Welling, the executors of said Thomas Welling, deceased, from the principal of said trust fund, and file their receipt therefor."

The trustee defaulted in $75,000. The facts warrant the decree that the deficiency was due to the administration of the trust intervening 1885 and 1898, the year of the death of the trustee. The trustee failed and neglected for 13 years of that time to make or to file any properly verified account, or to have his accounts settled. In the accounts that were kept by him he credited himself with commissions on income at the rate of nearly $600 a year (then double his legal commissions), and with expenses aggregating nearly $2,000. In a degree, he intermingled principal and interest. He owed the estate $11,000 on duebills. It does not appear that he deposited uninvested principal to produce interest, or that he charged himself with interest, save in the period intervening 1891 and 1898. From 1885 to 1898, his account shows uninvested balances aggregating more than $80,000, while at the end of his trust the total reinvestments not lost by his administration was less than $2,800. Specified securities of high character to the amount of $35,000 have disappeared, and are scheduled "to be returned or accounted for." Comment is cheap. These facts are sufficient to forbid the conclusion that any services were rendered. The respondent urges that the deficit was compromised. But the compromise was made upon a basis that paid in $50,000 for $75,000 lost. A compromise that so adjusts the results of maladministration certainly cannot be turned to the benefit of the trustee, nor is the flagrant misconduct that causes the deficit to be disregarded when we come to decide whether any services were rendered to the estate. The compromise is a bar to further restitution, but no basis for a further reward.

3. We think that the learned surrogate erred in granting any allowance to the two attorneys who represented legatees and remaindermen, and that he had no power in the premises, even if he had made the allowance payable directly to their clients. His power to grant allowances or costs is derived wholly from statutory provisions. Jessup, Sur. Prac. 256, and cases cited; McMahon v. Smith, 20 Misc. Rep. 305, 45 N. Y. Supp. 663, and cases cited. None of the remaindermen or legatees stands as a successful party upon the accounting, for none succeeded in either surcharge or disallowance. We do not doubt that these attorneys rendered valuable services to their respective clients, both in bringing about the compromise and upon the accounting. Their fees should be paid by their clients, and not, in whole or in part, be made a charge upon the funds of the estate, under the guise of allowances that are not sanctioned by the statutes, or of costs that cannot be allowed under the law.

We are of opinion that the decree must be reversed in the parts relative to the allowances and commissions, as indicated in this opinion, without costs of this appeal to any party. The proceedings are remitted to the surrogate of Orange county for resettlement of the decree in accordance with this opinion. All concur.