unless the language of the law forbids me to give it other interpretation, and such is by no means the case."

It might be said with equal force that the court should not hold "that an infant of 14 years has this plenary power to emancipate his property at pleasure from the control of the court." Such emancipation certainly might be the result, in case an infant should desire to embarrass the court by a series of objectionable nominations.

The real issue in this proceeding is who, if any one, should be appointed general guardian of the property of the petitioner. But behind this issue there exists another, which is the strife between the mother and the son to see who can be victorious in dictating this appointment. I do not believe it is for the best interests of either mother or son. that this court should lend its encouragement to the extent of being a factor in permitting either the mother or the son "to win a victory over the other."

An order may be prepared appointing the Chemung Canal Trust Company as guardian of the property of Spofford F. Wyckoff within the state of New York.

Decreed accordingly.

(68 Misc. Rep. 412.)

In re KREIDLER.

(Surrogate's Court, Steuben County.  May 9, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

On a settlement of an executor's account, the surrogate cannot award costs and order allowances for any amount he may think would compensate a party; the power being derived wholly from Code Civ. Proc. §§ 2561, 2562, placing limitations thereon.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2257–2266;  Dec. Dig. § 511.*]

2. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Costs and allowances on a settlement are awarded or granted to a party, and not to his counsel or attorney.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

3. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

No party has an absolute right to any costs or allowance, and whether they should be awarded or allowances granted is in the surrogate's discretion subject to review; but the question is a matter of sound discretion in either case.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

4. EXECUTORS AND ADMINISTRATORS (§ 482*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

An accounting party cannot be reimbursed for services or expenses of an attorney rendered in administration prior to commencing the accounting proceedings, unless he has actually paid the bill and it is charged in his account.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 482.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EXECUTORS AND ADMINISTRATORS (§ 487*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Costs or allowances on an accounting have no place whatever in the account, as they must first be fixed and allowed by the surrogate's decree.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2257–2266; Dec. Dig. § 487.*]

6. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

In no instance can an allowance be granted to a legatee or devisee who is not an accounting party under Code Civ. Proc. § 2562, providing for an allowance to such a party; the only allowance which can be given them being by way of costs under section 2561, not exceeding the amount therein mentioned.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

7. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Where there is no contest, the fees of counsel appearing for legatees must be paid by their clients, and not in whole or part made a charge on the funds of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

8. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES—"TRIAL."

Time spent in preparing pleadings, making briefs, ascertaining facts, appearing on an adjournment, or to settle the decree, is no part of the "trial" within the meaning of the Code of Civil Procedure.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*

For other definitions, see Words and Phrases, vol. 8, pp. 7095–7103; vol. 8, p. 7821.]

9. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

No allowance can be made for days on which adjournments occur without an actual hearing.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

10. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

No allowance can be made to legatees where they were not the successful parties either in surcharging the account or having some item disallowed.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

11. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

An accounting party should show by affidavits or otherwise the nature, extent, and amount of services of counsel and his disbursements, and it is the surrogate's duty to ascertain the same before making an allowance or an award of costs, and he can examine the accounting party and witnesses on the question.

Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

12. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Where the contestants were partially successful in surcharging an account, the allowance of costs to the executor under Code Civ. Proc. §

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2561, should be paid out of the estate, and not charged against them personally.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

13. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Costs will not be awarded against contestants, but will be paid out of the estate, where the will in controversy is obscure, and learned counsel might well disagree as to its meaning, and the contest was made in good faith.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

14. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

On the settlement of an executor's account, no allowance should be made for services rendered by an attorney for contestants in an action to construe the will or in other proceedings.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

15. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

No more costs can be allowed where two attorneys are employed than where one is employed.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

16. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

Allowances cannot be made to successful parties for attorney's services, beyond the amount allowed by law, though such services may have been quite valuable and have resulted in a saving to the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

17. EXECUTORS AND ADMINISTRATORS (§ 511*)—SETTLEMENT OF ACCOUNTS—COSTS AND ALLOWANCES.

No allowance will be made for the services of an attorney who acted in good faith believing he was serving a party in the proceeding who in fact had not retained any counsel.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 511.*]

In the matter of the judicial settlement of the account of Addison E. Kreidler, executor of Edward Cridler, deceased. On application for costs and allowances made by the executor and others. Costs and allowances awarded and granted.

Henry V. Pratt, for Addison E. Kreidler, executor.

Charles W. Stevens and John F. Little, for George Willey and Edward Willey, as executors, etc., of Philura Willey, deceased.

H. A. Burdick, for Nelson Swink, Amanda Swink, and Eben Kame.

W. S. McGreevy, for Edward A. Kreidler and Sophia S. Krei-

WHEELER, S. There seems to be some confusion or misapprehension on the part of the bar in general on the subject of costs allowances in the Surrogate's Court, and, in view of the fact some of the parties to this proceeding have asked for allowa

---

which the surrogate has no power to grant, we take this occasion to make a short review of the law governing costs and allowances in Surrogate's Court.

The surrogate has not the power to award costs or to grant an allowance for any amount that he may think would compensate a party. The power to grant allowances and costs is derived wholly from statutory provisions. Matter of Welling, 51 App. Div. 357, 64 N. Y. Supp. 1025; McMahon v. Smith, 20 Misc. Rep. 305, 45 N. Y. Supp. 663; Matter of Reeves, 48 Hun, 607, 1 N. Y. Supp. 17; Code Civ. Proc. §§ 2561, 2562.

It matters not how generous the surrogate might feel, how liberally he might wish to award costs or allowance to an accounting party, or costs to any other party, the above-mentioned sections of the Code of Civil Procedure limit him, and he must keep within their provisions.

Many counsel and attorneys seem to think that costs and allowances are made to them or belong to them. This is a mistake. Costs or allowances are awarded or granted to a party, and not to his counsel or attorney. Seaman v. Whitehead, 78 N. Y. 306; Matter of Welling, 51 App. Div. 357, 64 N. Y. Supp. 1025; Milliman on the Law of Costs, p. 264, § 185, and citations thereunder.

· This is on the principle that the party has employed an attorney or counsel to whom he is personally responsible, and the party's liability to his attorney or counsel is not measured by the allowance of the surrogate. It may well be more than the allowance. The claim of the counsel or attorney is against the party employing him, and he is entitled from such party for a fair compensation for his services, and for all his expenses and disbursements, paid or incurred under his retainer, and whether the party obtains any costs or allowance, it matters not to the attorney, as a matter of law. It is only a question of how much the party can be reimbursed out of the estate or fund, or, where there has been a contest, out of the opposing party.

In a contest an attorney or counsel may have fairly earned $1,000, and could hold his client liable therefor; but his client, the party, cannot be reimbursed any costs more than the sections of the Code above cited provide, and, where the party is not an accounting party, $70 and $10 a day for the trial, where the trial lasts over two days, would be all that the surrogate could allow the party towards reimbursing him on the bill which his counsel or attorney has against him for services.

Where the party is not an accounting party, the only costs or allowance which can be made by the surrogate in addition to disbursements are $25, where there has not been a contest, and where there has been a contest $70 plus $10 a day for each day of trial beyond two days of trial. It matters not how much is involved, how difficult the questions of law, how intricate the questions of fact, a party, who is not an accounting party, cannot be reimbursed out of an estate or fund, or out of an opposing party, more than said sums; but that is not preclude his attorney or counsel from holding him liable for fair and full value of his services.

t where the party is an accounting party, such as an executor,

administrator, guardian, or testamentary trustee, then in addition to the costs and disbursements above mentioned, and which are authorized by section 2561 of the Code of Civil Procedure, an additional allowance may be made by the surrogate of not exceeding $10 for each day necessarily occupied upon such accounting by the accounting party in preparing his account for settlement, and in case of a contest, not exceeding $10 for each day occupied in the trial, and otherwise preparing for trial; and it must be borne in mind that this additional allowance applies only to an accounting party and to no other party to the proceeding. Section 2562, Code Civ. Proc.

No party has an absolute right to any costs or allowance. Whether costs should be awarded or an allowance granted is in the discretion of the surrogate, subject, of course, to review by the Appellate Division, but nevertheless the question of costs and allowances is a matter of sound discretion to be exercised either by the surrogate or by the Appellate Division, which may review the surrogate's decision upon such subject.

Costs or an allowance may be made payable out of the estate or fund, as justice requires, or costs may be charged against an opposing party.

The above rules are laid down by sections 2557, 2561, Code Civ. Proc.

An accounting party who makes a claim for the services of his counsel or attorney in the course of administering an estate, up to the time of beginning a proceeding for the settlement of his account, should pay his counsel for such services and credit himself in his account therefor, so that the account may be examined and challenged by all parties in interest, and examined also by the surrogate. Osborne v. McAlpine, 4 Redf. Sur. 6; Shields v. Sullivan, 3 Dem. Sur. 296; Matter of Bailey, 47 Hun, 477; Walton v. Howard, 1 Dem. Sur. 103; Gilman v. Gilman, 6 Thomp. & C. 214.

It should be distinctly understood that an accounting party cannot be reimbursed for the services or expenses of an attorney or counsel, rendered at his request, in administering an estate prior to the commencement of the accounting proceedings, unless he, as an accounting party, has paid the bill of the counsel or attorney, and unless the same is charged to the estate or credited to him in his account. It has been the practice of many attorneys to wait until the judicial settlement of the account of the accounting party, and then apply to the surrogate, not only for an allowance for services and expenses of counsel in the proceeding for the judicial settlement of the account of the accounting party, but also for services and disbursements of counsel or attorney beginning even with the probate of the will, or the proceedings for granting of letters of administration, and extending throughout the administration of the estate. This is all wrong, and the practice should cease. The surrogate has no right or business to allow any sum to reimburse the accounting party for services and expenses of an attorney or counsel prior to the commencement of the proceeding for the judicial settlement of his account, unless the same appears in his account; and, furthermore, unless the same has actually

paid, and where an accounting party has not paid his counsel or attorney, he is not entitled to any reimbursement, even though payment by note of the accounting party, indorsed by a third party, is claimed. In re Blair, 28 Misc. Rep. 611, 59 N. Y. Supp. 1090; In re Bailey, 47 Hun, 477; *Shields v. Sullivan, 3 Dem. Sur. 296.

The costs or allowances upon an accounting have no place whatever in the account of an accounting party, as they must first be fixed and allowed by the decree of the surrogate. Harward v. Hewlett, 5 Redf. Sur. 330; Carroll v. Hughes, 5 Redf. Sur. 337; Burtis v. Dodge, 1 Barb. Ch. 91; Code Civ. Proc. §§ 2561, 2562.

Let us emphasize the rule that the claim of an accounting party for reimbursement for services and expenses of counsel during the administration of an estate, up to the time of the commencement of the proceeding for the judicial settlement of his account, should appear in the account, and that the claim for such services, etc., rendered in the proceeding for the judicial settlement of his account, should not appear in the account, but must be fixed and allowed like the commissions of an accounting party, by the surrogate, at the close of the proceeding for such judicial settlement.

Often next of kin or legatees ask for an allowance; but in no instance can an allowance be granted to a legatee or devisee who is not an accounting party, under section 2562 of the Code of Civil Procedure, and the only allowance which can be given them is by way of costs under section 2561 of the Code of Civil Procedure, and such an allowance cannot exceed the amount therein mentioned, to wit: Where there is a contest $70 and $10 for each day occupied in the trial, where the trial lasts more than two days; and where there is not a contest the fees of counsel must be paid by their clients, and not in whole or part made a charge upon the funds of the estate. Matter of Welling, 51 App. Div. 359, 64 N. Y. Supp. 1025.

The time spent in preparing pleadings, making briefs, ascertaining facts, appearing upon an adjournment, or appearing to settle the decree, is no part of the "trial" within the meaning of the Code of Civil Procedure. Du Bois v. Brown, 1 Dem. Sur. 317; Matter of Miles, 5 Redf. Sur. 110.

No allowance can be made for days on which adjournments occur without an actual hearing. Matter of Clark, 36 Hun, 301.

No allowance can be made to legatees where they were not the successful parties upon an accounting, either in surcharging the account, or having some item disallowed. Matter of Welling, 51 App. Div. 355, 64 N. Y. Supp. 1025.

The accounting party should show in his proceeding for the judicial settlement of his account, by affidavits or otherwise, the nature, extent, and amount of services of counsel and his disbursements, and it is the duty of the surrogate to ascertain the same before making an allowance or an award of costs, and the surrogate can examine the accounting party and witnesses upon the question. Matter of Reeves, 48 Hun, 606, 1 N. Y. Supp. 17. And bearing upon the power and duty of the surrogate upon such subject, counsel are asked to read Surrogate Ransom's Address to the Bar of New York City. reported in 1 Connolly, 563, 564.

Having in mind the rules, as found in the foregoing authorities, we will now take up the applications of the parties for costs and allowances:

Mr. Pratt files two affidavits showing the nature, extent, and value of the services rendered and the disbursements and expenses of Addison E. Kreidler, and of himself. Such affidavits, which have not been disputed by any party, show that Mr. Pratt, at the executor's request, was actually occupied seven days in preparing the account and one day in preparing the supplemental account for settlement, making a total of eight days so occupied. This fact not being disputed, the surrogate allows the executor $80 therefor, pursuant to the power given him by section 2562 of the Code of Civil Procedure.

Mr. Pratt's affidavit also shows that there were objections filed to the first account of the executor by Mr. and Mrs. Swink and Mrs. Kame through their counsel, Stevens & Stevens. Those objections were never tried before the surrogate; but the executor and his counsel and the contestants and their counsel spent several days in going over the account and adjusting the same, the result of which was that, out of 76 items objected to, amounting to $660, 44 of them were allowed to stand, and all the others except 9 were allowed, and those 9 which were not allowed amounted to $64.99, and that the net result of the contest was the surcharging of the executor's account to the amount of $109.58, which included $25 for lumber which was not one of the items objected to, or which the contestants asked to have the account charged with.

Under section 2561 of the Code, there having been a contest, the surrogate allows to the executor $70 costs, the same to be paid out of the estate, and not charged against the contestants personally. Had the contestants completely failed to have made good their objections, the surrogate would be inclined to award these costs against them.

In this proceeding objections were made by Edward A. Kreidler and Sophia S. Kreidler, which made a contest fairly within the meaning of the law, and under section 2561 of the Code the surrogate allows to the executor $70 upon such contest, the same to be paid out of the estate and not awarded against the contestants. The reason we do not award these costs against the contestants is that the will of the testator upon the questions in controversy was drawn obscurely, and learned counsel might well disagree as to its meaning and how the same should be construed, that we are satisfied that the contest of Mr. and Mrs. Edward A. Kreidler was made in good faith and in the belief that they were right in their contention, and, in view of the fact that the testator made a will so uncertain in its meaning, it is but fair that the estate should be charged with all of the expenses of the successful parties which have been made in construing the said provisions of said will, in so far as the surrogate has the power to charge the same against the estate.

Mr. Pratt's affidavit shows that the individual expenses and disbursements of the executor in this proceeding are $17.52, and those of Mr. Pratt $16.40, and that the executor paid Stevens & Stevens costs and disbursements in the proceeding to compel an accounting

$21. The last-mentioned item should have appeared in the supplemental account of the executor, but we allow the same here, together with the other items of expenses and disbursements, thus allowing to Addison E. Kreidler a total of $274.92 to be paid out of the said estate, $236.40 of which may be paid directly to his attorney, H. V. Pratt, and $38.52 retained by Mr. Kreidler.

Mr. Charles W. Stevens files an affidavit showing the nature, extent, etc., of the services rendered by his firm for Mr. and Mrs. Swink and Mrs. Kame to a certain date, and also the nature, extent, etc., of his and Mr. Little's services rendered for the executors of Philura Willey, deceased. First he claims for his clients Mr. and Mrs. Swink and Mrs. Kame, for services rendered in proceedings to compel the executor to render his account. This proceeding was terminated by an order allowing $21 for the costs and disbursements of that proceeding, which have been paid. So much of said claim is disallowed. A claim is also made in behalf of Mr. and Mrs. Swink and Mrs. Kame for services rendered upon the objections filed by them to the account of the executor, and also for services rendered for them in opposing the claim of Addison E. Kreidler, individually, against the estate. It appears that the objections to the account resulted in but a slight increase to the estate, and that the opposition to the claim of Mr. Kreidler against the estate was unsuccessful. Mr. Pratt, in behalf of his client, Mr. Kreidler, asks for costs against these parties who opposed his client's claim; but we have decided not to award costs in favor of Addison E. Kreidler against Mr. and Mrs. Swink and Mrs. Kame growing out of the contest upon the claim, and also not to allow any costs in favor of Mr. and Mrs. Swink and Mrs. Kame upon the objections to the account of the executor.

Mr. Stevens' affidavit also shows that services were rendered in an action in the Supreme Court brought to construe the will of the testator, etc. Such services cannot be allowed against the estate. They are not for any services which were rendered in this proceeding, and such claim is disallowed. Stevens & Stevens must look to their clients, Mr. and Mrs. Swink and Mrs. Kame, for all services and disbursements rendered and paid upon the contest of the executor's account, in opposition to the executor's individual claim against the estate, and in the action in the Supreme Court to construe the will, and also for all services rendered in behalf of them before this proceeding was begun, and which were not rendered in this proceeding.

Mr. Stevens' affidavit shows that his firm rendered legal services in behalf of the executors of Philura Willey, deceased, in opposition to the contentions of the Swinks and Mr. and Mrs. E. A. Kreidler, and upon the objections interposed by Mr. and Mrs. Kreidler there certainly arose a contest in this proceeding, the trial of which occupied three days, and under section 2561 of the Code George Willey and Edward Willey, as executors, etc., are allowed costs payable out of the estate, $70 for the contest and $10 for the extra day of trial, a total of $80; and the decree made herein may provide that the same be paid directly to their attorneys, Stevens & Stevens.

The authorities previously cited show that the time engaged in con-

sultation and preparing briefs cannot be included in this bill of costs. Seventy dollars and the time actually occupied in the trial beyond two days trial is all that can be allowed besides disbursements.

No more costs can be allowed where two attorneys are employed than where one is employed. Law of Costs, Milliman, p. 272, § 191.

This does not preclude Messrs. Stevens and Little from recovering their pay. They can recover of their clients the full value of all services which they have rendered in their behalf in this proceeding, and in and about said estate not done in this proceeding. This decision simply means that their clients cannot be reimbursed to any amount more than the $80 allowed.

Mr. Stevens' affidavit makes a claim for numerous days in court, including adjournments when no evidence was taken, etc. For all these extra days and the extra time Stevens & Stevens and Mr. Little must look to their clients for their pay.

Undoubtedly their services have been in a way quite valuable in bringing about a settlement, and perhaps have resulted in a saving to the estate; but that does not give the court any right to reimburse their clients beyond the amount allowed by law.

It is the experience of every attorney in other courts of record that the bill of costs allowed to the winning party is very often inadequate to compensate the party for attorney's and counsel's services and other expenses. But that is a fault of the law, if it be a fault at all, and not of the court.

Mr. Burdick files an affidavit showing the extent, nature, etc., of his services in behalf of Mr. and Mrs. Swink and Mrs. Kame; but it appears that Mrs. Kame has not employed him in this proceeding. Her affidavit was presented to that effect. We believe that Mr. Burdick appeared in good faith for her and believed that he was serving her in this proceeding. However, inasmuch as allowances are made to a party to reimburse him or her for services of counsel, etc., and it appearing that she has not retained any counsel in this proceeding, therefore she is not reimbursed, and no costs are allowed to her.

Mr. and Mrs. Swink asked for a construction of the will which was not granted. In other words, that for which Mr. Burdick contended, as their counsel, was not allowed, and to that extent Mr. and Mrs. Swink were not successful in the contest over the terms of the will, and no costs are allowed to them. Mr. Burdick must look to Mr. and Mrs. Swink for all his services and disbursements in this proceeding.

No costs are allowed against Mr. and Mrs. Swink, as contestants, for the reason above given for not allowing costs against Mr. and Mrs. Kreidler.

Mr. and Mrs. Edward A. Kreidler filed no affidavit as to any services or disbursements, although Mr. McGreevey, in their behalf, orally made an application for costs or an allowance.

Inasmuch as they were unsuccessful in their contest under the objections filed, no costs are awarded to them, and for the reasons hereinbefore given no costs are awarded against them. Mr. McGreevey must look to them for his services and disbursements.

To summarize: Costs and allowances are awarded and granted to

Addison E. Kreidler in the amount of $274.92.   To George Willey and Edward Willey, as executors, etc., $80; the same to be paid as hereinbefore indicated.