Matter of the Accounting in the Estate of LOUISE
HENDEL, Deceased.

(Surrogate's Court, Bronx County, February, 1919.)

Fees — costs — surrogate's power statutory — alien property custodian.

   A surrogate is not authorized to grant an order directing the
   payment of the fees of the attorney for the alien property
   custodian.

PROCEEDINGS on the judicial settlement of the
account of the public administrator.

Ernest E. L. Hammer, public administrator, in
person.

Gabrielle S. Mulliner, for alien property custodian.

SCHULZ, S.   One of the state attorneys for the alien
property custodian applies to have the amount of
fees as fixed by the latter in the schedule issued by
him inserted in the decree in this matter and their
payment ordered, and the question arises whether a
surrogate has the power to do this.

   One of the definitions of the word " enemy " as
used in the act is, "Any individual, * * * of any
nationality, resident within the territory * * * of
any nation with which the United States is at war,
* * * " (Trading with the Enemy Act, approved
October 6, 1917, § 2, subd. a), and four persons inter-
ested in this estate come within that definition.

   The surrogate can only exercise such jurisdiction as
has been specially conferred upon him by statute
together with those incidental powers which may be

27

requisite to effectually carry out the jurisdiction actually granted. *Matter of Martin,* 211 N. Y. 328; *Matter of Schnabel,* 202 id. 134; *Matter of Thompson,* 184 id. 36.

The matter of costs is regulated by the Code of Civil Procedure and section 2743 thereof provides that: " Costs shall be awarded in special proceedings in surrogate's court solely in accordance with the following sections." None of the sections which follow make any provision for the allowance of costs to the state attorneys of the alien property custodian. The surrogate has no power to award costs or make allowances for any purposes unless expressly authorized to do so (*Matter of Welling,* 51 App. Div. 355; *Matter of Kriedler,* 68 Misc. Rep. 412; *McMahon* v. *Smith,* 20 id. 305, 308, and cases cited), and in *Matter of Howell,* 215 N. Y. 466, 474, it was said: " It has long been established as the law of this state that costs and allowances in an action or proceeding belong not to the attorney but to the party to the action," citing *McIlvaine* v. *Steinson,* 90 App. Div. 77; *Earley* v. *Whitney,* 106 id. 399; *Caccia* v. *Isecke,* 123 id. 779.

I can find nothing in the " Trading with the Enemy Act " which authorizes me to grant this application, nor has any opinion of a court of this state been drawn to my attention which discusses the matter except that in the estate of John Jurgenson where one of the learned surrogates of the county of New York said: " There seems to be no authority for the surrogate's direction or order that any fees be paid to attorneys for the alien custodian. All sums coming to such custodian must be paid directly to him, and the adjustment of fees due to his attorneys left with him." See N. Y. L. J., Dec. 13, 1918.

The Supreme Court in considering a question involving the compensation of attorneys appointed

under the Civil Rights Act to represent soldiers in actual service who were interested in litigations, held that "No provision is made by the laws of this state for compensation for services so rendered, * * * " and declined to make an allowance therefor, for that reason. *Davison* v. *Lynch,* 103 Misc. Rep. 311.

While it is undoubtedly true, as urged by counsel, that when the sections of the Code governing costs were framed, no war condition was contemplated, the fact that the unanticipated did come to pass does not vest me with authority to provide for it. This is rather the function of the law-making body.

I see no reason for differing from the conclusion reached in the estate of Jurgenson, above cited, and am therefore constrained to deny the application.

Decreed accordingly.