In the Matter of the Judicial Settlement of the Account of RICHARD P. LYDON and Another, Respondents, as Trustees under the Will of MARY L. EDDY, Deceased.

MARIE E. VON KADA, Appellant.

First Department, November 30, 1923.

**Trusts — testamentary trustees — accounting — counsel fees — surrogate is limited by Surrogate's Court Act, §§ 278 and 279, in making allowance for counsel fees paid by trustees for services rendered on accounting — lump sum allowance without regard to statute improper — counsel fees are chargeable against corpus of estate.**

The counsel fees which a surrogate may allow to a testamentary trustee for the preparation of his account are fixed by sections 278 and 279 of the Surrogate's Court Act, although the fees are paid prior to the settlement of the decree, and it is improper for the surrogate to allow a lump sum as counsel fees without regard to the provisions of said sections.

*It seems*, that counsel fees allowed on an accounting by testamentary trustees should be charged against the corpus of the estate and should not be apportioned ratably against the life tenant and the remaindermen.

APPEAL by Marie E. Von Kada from so much of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of December, 1922, as allows an item of $1,000 paid by the respondents for legal services rendered them in the accounting proceeding.

*S. Gross Horwitz*, for the appellant.

*Hill, Lockwood & Redfield* [*W. A. Willment* of counsel], for the respondents.

FINCH, J.:

The appellant contends first that, inasmuch as the accounting was rendered necessary by the resignation of one of the trustees, and as this resignation was for said trustee's own convenience, he should bear the expense. By stipulation of the parties, however, " the questions in dispute between said parties have now all been adjusted, one alone excepted, namely the question of the power of the trustees to employ, and pay out of the funds of the trust estate, a counsel fee for the preparation of their account. * * * And it is further agreed that, as regards said sum of One Thousand Dollars, claimed for as a credit by said trustees, that there shall be presented to the Court for determination, as a question of law alone, whether said trustees had power and authority to pay out of the funds of the estate said sum to counsel for services rendered in said proceeding, and if so, whether the same ought to be charged to principal, or to income, or be distributed, so as to fall partly on income and partly on principal; and if not, that the same may be disallowed. For the purpose of said submission no question is to be raised as to the value of the services for which said item of $1,000 was charged and paid."

In answer to the first question, no such counsel fee can be allowed. The power of the surrogate to grant allowances and costs is derived entirely from statute, and upon an accounting, these are fixed by sections 278 and 279 of the Surrogate's Court Act. (*Seaman* v. *Whitehead*, 78 N. Y. 306; *Devin* v. *Patchin*, 26 id. 441; *Matter of Welling*, 51 App. Div. 355.) In the case at bar the learned surrogate took the position that sections 278 and 279 of the Surrogate's Court Act only applied " where counsel fees have *not* been paid and costs are asked upon the settlement of the decree." In other words, if the fees were paid in advance of coming into court, they could be allowed, even though in excess of the amounts limited by statute. This was erroneous. The error lies in confusing expenses incurred in an accounting proceeding which are limited to stated sums, as provided in said sections 278 and 279 of the Surrogate's Court Act, with expenses incurred in the ordinary administration of

an estate, which are provided for by section 222 of said act as " the reasonable counsel fees necessarily incurred * * *." As noted in the case at bar, the expenses were limited, by stipulation, to those incurred in the accounting proceeding.

Inasmuch as the decree should be reversed and the objection sustained, it is not necessary to the decision to consider whether an amount allowed as provided by statute should be charged to principal or income, or apportioned. The authorities, however, seem in accord that the charges should be against the *corpus* of the estate entirely, and not apportioned ratably between the life tenant and remainderman, as was done by the surrogate. (*Chisolm* v. *Hamersley*, 114 App. Div. 565; *Robertson* v. *De Brulatour*, 188 N. Y. 301.)

It follows that the decree, in so far as it sanctions the payment by the trustees of said $1,000 payable ratably out of the principal and income of said estate, should be reversed, with costs to the appellant.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Decree, so far as appealed from, reversed, with costs to the appellant. Settle order on notice.