John D. Bennett, S.
Objections have been raised to the proposed bill of costs submitted pursuant to section 278 of the Surrogate’s Court Act by the successful objectant to the judicial settlement of the account herein.
The bill of costs requests the following:
“ Costs pursuant to statute
Contest .................................... $100
Days occupied in the trial or hearing,
(5 less 1 equals 4 at $50)................... 200
Days necessarily occupied in otherwise preparing for trial, (23 at $50)................ 1,150
Total Costs........................... 1,450.”
An over-all and preliminary objection to the bill of costs is that the court is without authority to allow costs for preparation for trial. The accountant cites the case of Matter of Kreidler (68 Misc. 412) for the proposition that time spent in preparation for trial is no part of a trial within the meaning of section 2561 of the Code of Civil Procedure, which has been superseded by section 278 of the Surrogate’s Court Act. The reliance of the accountant upon the case of Matter of Kreidler does not take into consideration the fact that sections 2558, 2561 and 2562 of the Code of Civil Procedure were amended after the date of that decision. In Matter of Pierce (N. Y. L. J., March 23, 1946, p. 1154, col. 3) the court said: “ An examination of the relevant provisions of the Code of Civil Procedure as they then read shows that Matter of Kreidler has no application, as the surrogate had no authority at that time to make an allowance for costs for preparing for trial, to any party other than a fiduciary for legal services rendered by his attorney in preparing his account for settlement ‘ and otherwise preparing for trial ’ (see secs. 2558, 2561 and 2562, Code of Civil Procedure as amended by Laws of 1881, chap. 535) ”. (Italics supplied.)
A reference to the first paragraph of section 278 of the Surrogate’s Court Act in its present form, will quickly dispel any misconception that the Surrogate does not have the authority to allow costs for the preparation of a contest, trial or hearing: “ The surrogate, upon rendering a decree, or in granting or denying an application to vacate a decree, may, in his discretion, fix such a sum as he deems reasonable, to be allowed as costs, to the petitioner, and to any other party who has succeeded in a contest, or whose attorney, in the absence of a contest, has rendered services in the proceeding of sub *95 stantial benefit to him, or to the estate or fund, not exceeding, where there has not been a contest, fifty dollars, or where there has been a contest one hundred dollars and fifty dollars for each day necessarily occupied in preparing therefor, and, in addition thereto, fifty dollars for each day less one, necessarily occupied in the trial or hearing or in preparing therefor-, and where a motion for a new trial is made before the rendering of a decree, fifty dollars, if such matter is granted.” (Italics supplied.)
The interpretation of the terms “ contest ” and “ trial ” and the distinction between them necessarily enters into a disposition of the objections made to the bill of costs.
The term “contest” necessarily denotes something more than the term “ trial ”. It implies that issues have been raised by the parties, and that therefore pleadings in the form of an answer or objections have been filed (4 Warren’s Heaton on Surrogates’ Courts, § 435, par. 2, p. 900). In a broader sense, a “ contest ” has also been defined “as a law suit by calling-witnesses, a trial, judgment and adjudication; in short, legal opposition pressed home to a decision.” (Matter of Cronin, 143 Misc. 559, 564, affd. 237 App. Div. 856.)
A ‘ ‘ trial ’ ’, on the other hand, is usually restricted to an “ examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue (Bermont v. Serge Elevator Co., 199 Misc. 825, 826; see, also, People v. Richetti, 302 N. Y. 290, 297.) The word “trial” in “its commonly accepted meaning * * * is that part of a proceeding, criminal or civil, which is deemed to begin with the opening of the case to the jury and ends with the verdict ”. (People v. Rice Associates, 185 Misc. 473, 477, appeal dismissed 269 App. Div. 963; People v. Raco, 47 N. Y. S. 2d 448, 449.)
The remaining objections to the bill of costs fall into four categories: (1) preparation prior to filing of objections; (2) days occupied at the trial; (3) preparation after trial or hearing, and finally (4) preparation after objections filed and prior to trial.
(1) Preparation prior to filing objections:
This objection concerns itself with the five days prior to the filing of objections which are listed in the bill of costs as days necessarily occupied in the preparation for trial. Section 278 refers to days necessarily occupied in preparation for a contest. This question therefore is whether there can be a contest without objections having been filed. As stated above, a “ contest ” *96 necessarily implies that issues have been raised by the parties, and that therefore pleadings in the form of an answer or objections have been filed. Accordingly the court holds that there was no “ contest ” within the meaning of section 278 of the Surrogate’s Court Act, until objections were filed on October 15, 1956. The objection to these five days is therefore sustained.
(2) Days occupied at the trial-.
The accountant also objects to the request for costs of $50 for each day occupied in the trial or hearing, less one day as set forth in the statute. It is submitted by him that the statutory reference to “day” occupied means full days, and that because a majority of the several days on which hearings were held occupied less than full days, the attorney taxing costs is not therefore entitled to such an allowance. The accountant specifically refers to February 7, 1957 when the hearing which had been adjourned from January 25, 1957, commenced at 10:00 a.m., and continued for a full hour to 11:00 a.m., when it was adjourned to February 21, 1957. An arbitrary number of hours is not controlling in the definition of what the statute means by a “day” occupied in the trial or hearing. (See discussion under (4) infra.)
The court finds the objectant entitled to $200 as allowable costs for days occupied in trial.
(3) Preparation after trial or hearing.-.
The objectant has listed 12 days subsequent to the last day of hearings, to wit, March 18, 20, 28, 29, April 1, 2, 3, 5, 9, 11, 12 and 13, 1957 as days necessarily occupied in “ preparing for trial”. It is alleged that these days should be completely disallowed for the reason that any days subsequent to the last day of the hearing could not be occupied in ‘ ‘ preparing for trial”. The attorney for the objectant, on the other hand, recites in his affidavit of services that in the days listed following the hearings, he was necessarily employed in the preparation of memoranda which were submitted to the court. At the last hearing herein the court stated: “Briefs, if any, to be filed by April 3rd; reply briefs by April 10th”. It will be noted, that section 278 of the Surrogate’s Court Act, also refers to “each day necessarily occupied in preparing therefor ”, the word ‘ ‘ therefor ’ ’ referring back to ‘ ‘ contest ’ ’. The “contest” was initiated before the “trial” and continued after the “ trial” and included the time during which briefs were submitted. The court holds that “ each day necessarily occupied ” refers to each day up to and including April 10,1957.
*97 (4) Preparation after objections filed and prior to trial:
The bill of costs requests a total of 23 days as days necessarily occupied in preparing for the trial. In the accountant’s filed objection to the bill of costs, he alleges this number of days to be excessive. At the hearing, however, the accountant took the position that the objectant could not be compensated for preparation of his case, even though “ the amount of legal services rendered in this case by both parties has been monumental ”. This latter argument has been disposed of in the discussion of Matter of Kreidler (68 Misc. 412, supra). It is significant however that the accountant concedes the fact that intensive preparation was necessary for this contest. The affidavit submitted by the objectant recites 46 days necessarily devoted to preparation, although he only requests an allowance for 23 days. As to 34 of these days, the number of hours occupied in preparation is set forth in the affidavit of services. The average amount of hours occupied in each of said days is somewhat more than three hours. An important question presented by this affidavit is whether a part of a day can be considered to be synonymous with a day necessarily occupied. This matter was. discussed at some length in Walton v. Howard (1 Dem. 103) where the court construed sections 2561 and 2562 of the Code of Civil Procedure, section 2561 being the predecessor of section 278 of the Surrogate’s Court Act. In the last-cited case the court stated (p. 109): “ There is a rule of this court, established by my predecessor, which prescribes the procedure for the adjustment of such costs and allowances, and requires certain affidavits to be filed for the information of the Surrogate. It seems to be not infrequently the case that these affidavits, purporting to contain averments as to the amount of time employed by counsel, disclose the number of days and parts of days spent at the trial or hearing, or in preparing for the same, or in making up the account, as the case may be. It is manifest that such evidence does not afford a proper foundation for the action of the court. One may be engaged for ‘ parts ’ of all the days in a year, and yet consume no more time than is customarily devoted to the labors of a single week.”
The same court further said (p. Ill): “It is difficult, and perhaps impossible, to formulate an exact rule applicable to this subject. For reasons which readily present themselves, it would be, for example, harsh and unjust to require that any arbitrarily selected number of hours should constitute a day’s employment, and that the per diem allowance should be rigidly computed by ascertaining the number of hours employed, and *98 reducing those hours to days by the stern process of arithmetic.”
The court is of the opinion, as set forth in the case of Walton v. Howard (supra) that no rigid rule or formula can he devised by which it can be determined how many days were necessarily occupied in preparation for a contest or trial. However, it is also of the opinion that any days which are claimed by an attorney to have been necessarily occupied in preparation of the contest must he days in which the employment of the attorney was substantially devoted to such preparation.
Section 278 sets forth the upper limits of costs which may he allowed. Whether or not any costs will be allowed, and the amount thereof (not exceeding the limits set by the statute), are matters for the court’s discretion. After examining all of the papers, an allowance, for days necessarily occupied in preparation for the hearing, in the amount of $750 is held to be proper. The total amount of costs allowed, therefore, is $1,050, which will be payable out of the estate. Disbursements are allowed in the amount requested.
Settle order on five days’ notice.