In the Matter of the Accounting of THOMAS J. TIGHE, JR., as Administrator of the Estate of ELIZABETH A. O'NEIL, Deceased, Appellant. ANN MANNING, Appellant; JEAN B. HECKENBERG, Respondent.— Appeal by the administrator of the goods, chattels and credits of a deceased and by one of her

distributees from a decree of the Montgomery County Surrogate's Court entered July 26, 1963. Respondent presented a claim to the administrator amounting to $2,628 for personal services allegedly rendered to decedent from September 1, 1960 to September 5, 1962 upon her express promise to pay therefor the stipulated sum of $25 per week. He rejected the claim which thereafter came on for trial before the Surrogate who allowed it to the extent of $1,400 and made an award of counsel fees to claimant's attorney in the sum of $350 payable from the estate. At the trial claimant was sworn as a witness in her own behalf. She was permitted over appropriate objections to testify to the rendition of the services upon which her claim for a recovery was based consisting of cleaning, cooking and trips made to purchase groceries and medicines and to launder decedent's clothing as those activities were related to a dollar-a-day room occupied by the deceased in a hotel managed by claimant for its owners. Such evidence was admitted apparently on the theory that the questions eliciting the information, as framed, contained no reference to the deceased or her occupancy of the room and thus involved no personal transaction between the parties within the purview of section 347 of the Civil Practice Act (CPLR 4519). This was clearly prejudicial error since the evidence was incompetent as involving, in an indirect way, a personal transaction with the deceased, namely, the performance of services pursuant to the express agreement with the deceased for which claimant contended and upon which she relied. The statute cannot be thus evaded. (*Matter of Blair,* 99 App. Div. 81; *Clift* v. *Moses,* 112 N. Y. 426, 435; *Richardson* v. *Emmett,* 170 N. Y. 412; *Kings County Trust Co.* v. *Hyams,* 242 N. Y. 405, 411–412; Civ. Prac. Act, § 347.) Since there must be a new trial we are constrained to point out that the testimony of claimant as to the time spent in the performance of the services and that she had not been paid therefor — a burden not her's (see *Matter of Barry,* 250 App. Div. 814) — was also barred by the statute and further that the allowance of counsel fees payable from the estate in a contest such as this was improper. (Cf. Surrogate's Ct. Act, § 278; *Matter of Zuckerman,* 13 Misc 2d 93, 98.) Decree reversed, on the law and the facts, and a new trial ordered, with one bill of costs to be apportioned between appellants payable from the estate. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.